**LADD PETROLEUM CORPORATION,**
Plaintiff–Appellant,

v.

**OKLAHOMA TAX COMMISSION,**
Defendant–Appellee.

No. 54399.

Supreme Court of Oklahoma.

Oct. 28, 1980.

Bay, Hamilton, Lees, Spears & Verity, Oklahoma City, for plaintiff appellant.

Marjorie Patmon, Gen. Counsel, Donna E. Cox, Oklahoma City, for defendant–appellee.

LAVENDER, Chief Justice:

We have this matter on the certification order of the United States District Court for the Western District of Oklahoma. The facts, which are not disputed by either party, are provided in the order as follows:

On October 4, 1978, the Oklahoma Tax Commission assessed Ladd Petroleum Corporation, a Colorado corporation, for additional gross production taxes, interest, and penalties in the amount of $108,607.55. Ladd was advised that the findings and assessment were made pursuant to sections 221 and 223 of 68 Okla.Stat. (1971) and that any protest should be made in accordance with section 221. On November 1, 1978, Ladd was, upon its request, granted a 90·day extension of time within which to enter its formal protest to the October 4th assessment. The extension expired on February 1, 1979.

Thereafter, the Tax Commission re–examined its findings and assessment. As a

result of that re–examination a new letter, dated December 29, 1978, assessment Ladd $75,447.30 in taxes, penalties, and interest. The December 29th letter stated that the assessment date of October 4th remained the same. The letter also provided that any protest should be made no later than February 4, 1979. Ladd filed a protest on Monday, February 5, 1979 (February 4th being on a Sunday). Said notice of protest was accompanied by a check in payment of the protested tax.

Simultaneously, Ladd commenced this suit in the United States District Court for the Western District of Oklahoma pursuant to 68 Okla.Stat. § 226.

The Tax Commission's action in assessing additional taxes on October 4, 1978 was a "proposed assessment," which is authorized by 68 O.S.1971 § 221(a).[1] Ladd Petroleum Corporation sought an extension of time to protest the proposed assessment, which the Tax Commission granted pursuant to 68

O.S.1971 § 221(f).[2] The company did *not* pay the tax and give notice of its intention to file an action in the district court under 68 O.S.Supp.1978 § 226 within the 30–day time limit required by that section.[3] Likewise, the company did not pay the tax and give notice within 30 days of the December 29, 1978, letter (the effect of which is discussed below). Ladd Petroleum argues that its extension under section 221 also extended its time under section 226; the Tax Commission contends that it did not.[4]

The basis of Ladd Petroleum's argument is that the finality of the proposed assessment should determine its ability to file a refund suit under section 226. Under section 221, the proposed assessment cannot become final until the period of time to file a protest, as extended, has passed.[5] In an earlier case, *Oklahoma Tax Commission v. Oklahoma Coca Cola Bottling Co.*,[6] we held that a taxpayer has until the proposed assessment becomes final to file an action

---

1. Section 221(a) provides:

   If any taxpayer shall fail to make any report or return as required by any State tax law, the Tax Commission, from any information in its possession or obtainable by it, may determine the correct amount of tax for the taxable period. If a report or return has been filed, the Tax Commission shall examine such report or return and make such audit or investigation as it may deem necessary. If, in cases where no report or return has been filed, the Tax Commission determines that there is a tax due for the taxable period, or if, in cases where a report or return has been filed, the Tax Commission shall determine that the tax disclosed by such report or return is less than the tax disclosed by its examination, it shall in writing propose the assessment of taxes or additional taxes, as the case may be and shall mail a copy of the proposed assessment to the taxpayer at his last known address. Proposed assessments made in the name of the "Oklahoma Tax Commission" by its authorized agents shall be considered as the action of the Tax Commission.

2. Section 221(f) provides:

   The Tax Commission may in its discretion extend the time for filing a protest for any period of time not to exceed an additional ninety (90) days.

3. Section 226(b) provides in part:

   Within thirty (30) days from the date of mailing to the taxpayer of the order, ruling or finding of the Tax Commission, any such taxpayer shall pay the tax to the Tax Commission, and at the time of making such payment shall give notice to the Tax Commission of his intention to file suit for recovery of such tax.

4. No contention is made here that a taxpayer must always exhaust its administrative remedy under section 221 *before* it can proceed in court under section 226, and that question has not been certified to us. We therefore will not address it. The Tax Commission does argue that by obtaining an extension of time to file a protest Ladd Petroleum Corporation *elected* to pursue its administrative remedy. However, that question also was not certified to us, and is not necessary to decide, so we will not address it either.

5. Section 221(e) provides:

   If the taxpayer fails to file a written protest within the thirty (30) days' period herein provided for or within the period as extended by the Commission, then the proposed assessment, without further action of the Tax Commission, shall become final and absolute at the expiration of thirty (30) days from the date same is mailed to the taxpayer or at the expiration of the period as extended by the Tax Commission.

6. 494 P.2d 312, 315 (Okl.1972).

under section 226. That case, however, was decided under a version of section 226 that had no stated limitation period. Since that case, in 1978, the Legislature amended section 226 to add the 30–day limitation period it now contains.[7] Section 221(g) has since its enactment in 1965 provided that section 226 "shall not apply where a proposed assessment or an assessment of taxes has been permitted to become final," but that does not prevent the Legislature from also imposing a separate limitation on a taxpayer's recourse to section 226. And in spite of that provision, "[a]t no point in either § 221 or § 226 are the provisions of either made applicable to proceedings under the other."[8] We believe it was the intent of the Legislature in 1978 to provide, and we hold, that a taxpayer must always satisfy the 30-day limitation requirement in section 226 in order to avail itself of the remedy in that section. An extension of time to file a protest under section 221 does *not* extend the time limitations of section 226.

∎ We turn now to the effect of the Tax Commission's letter of December 29, 1978. In essence this was an amended proposed assessment. The statutes do not address the effect of such an amendment, but we believe the procedure should be encouraged. No doubt in many cases negotiations between the parties leading to an amended proposed assessment can end the controversy. In fairness to the taxpayer, though, especially in cases in which the proposed assessment is increased, the amendment must be treated as a new assessment. We therefore hold that an amended proposed assessment commences the running of new, full, and separate limitations periods under both section 221 and section 226. Under section 221(f),[9] the new period of time in

which to file a protest may be extended by the Tax Commission in its discretion.

**QUESTIONS ANSWERED.**

WILLIAMS, HODGES, BARNES, SIMMS, DOOLIN and HARGRAVE, JJ., concur.

IRWIN, V. C. J., and OPALA, J., dissent.

IRWIN, Vice Chief Justice, dissenting:

68 O.S.Supp. 1979, § 226, inter alia, provides:

"(a) In addition to the right of appeal to the Supreme Court provided for in the preceding section, a right of action is hereby created to afford a remedy to any taxpayer aggrieved by the provisions of this article or of any other state tax law, or who resists the collection of or the enforcement of the rules or regulations of the Tax Commission relating to the collection of any state tax.

"(b) Within thirty (30) days from the date of mailing to the taxpayer of the order, ruling or finding of the Tax Commission, any such taxpayer shall pay the tax to the Tax Commission, and at the time of making such payment shall give notice to the Tax Commission of his intention to file suit for recovery of such tax . . ."

The majority opinion holds that the thirty (30) days to commence proceedings in a district court start to run when a proposed assessment, made in the name of the Tax Commission by its authorized agent, is mailed to a taxpayer;[1] and, a protest filed within the thirty days' period under § 221 (e)[2], or any extension granted for filing the protest under § 221 (f), does not extend the thirty days' period.

"If the taxpayer failed to file a written protest within the thirty (30) days' period herein provided for or within the period as extended by the Commission, then the proposed assessment, without further action of the Tax Commission, shall become final and absolute at the expiration of thirty (30) days from the date same is mailed to the taxpayer or at the expiration of the period as extended by the Tax Commission."

---

7. Note 3, *supra.*

8. *Oklahoma Tax Commission v. Oklahoma Coca–Cola Bottling Co.*, 494 P.2d at 314.

9. Note 2, *supra.*

1. 68 O.S. 1971, § 221 (a), (b) & (c).

2. 68 O.S. 1971, § 221 (e) provides:

A cursory reading of § 226 (b) discloses that the "30 days" speaks *only* to the payment of the tax and *giving notice of an intention to file suit* and does not mention a thirty day limitation for filing suit.[3] Unless the thirty day period in § 226 (b) is extended and does not commence to run until the Tax Commission has mailed its "order, ruling or finding" on hearing the protest, a taxpayer is deprived of his right to a final determination of his protest by the Tax Commission prior to the time he must pay the "proposed assessment", and the amount that it required to be paid is the "proposed assessment" and not the "tax" as determined by the Tax Commission.[4]

An appeal will not lie to this court under 68 O.S. 1979 Supp., § 225[5], from a "proposed assessment" or prior to the time the Tax Commission enters its order after hearing or determining a protest.[6]

In my opinion, 68 O.S. 1979 Supp., § 226, gives a taxpayer, during the same period of time in which to appeal to the Supreme Court, a right to invoke the provisions of § 226.[7]

Under 68 O.S. 1971, § 221 (g) a taxpayer may not invoke the provisions of § 226 if a "proposed assessment or an assessment of taxes has been permitted to become final."

Under § 221 (e) a proposed assessment becomes final within 30 days after the proposed assessment has been mailed to the taxpayer unless the taxpayer files a protest or obtains an extension to file a protest.

Prior to its amendment in 1978, § 226 contained no provision prescribing the time within which a taxpayer had to "pay the tax"[8] in order to commence a district court action under § 226. It now has the thirty day proviso as a condition precedent. In *Oklahoma Tax Commission v. Oklahoma Coca-Cola Bottling Company*, Okl., 494 P.2d 312 (1972), we said:

"The statute under which defendant in error has proceeded in the district court (§ 226) does not limit the time for the taxpayer to give notice to the Commission of his intention to pay the taxes under protest and file his suit to recover the amount. As above noted, however, there is the provision in § 221 (g) that he must not let the assessment become final for the provisions of § 226 to apply."

Section 221 (g) provides that § 226 shall not apply where a proposed assessment or an assessment of taxes has been permitted to become final. This proviso recognizes a distinction between a "proposed assessment" and an "assessment of taxes" and in

3. As will be hereinafter shown, in my opinion the limitation period for invoking § 226 is under § 221 (g), which provides that it shall not apply where a proposed assessment or an assessment of taxes has been permitted to become final.

4. A taxpayer who appeals to the Supreme Court as provided by 68 O.S. 1979 Supp., § 225, is required to pay the amount assessed by the Tax Commission as a condition precedent to appealing instead of the amount of the "proposed assessment".

5. 68 O.S. 1979 Supp., § 225, provides:
"(a) Any taxpayer aggrieved by any order, ruling, or finding of the Tax Commission directly affecting such taxpayer may appeal therefrom directly to the Supreme Court of Oklahoma. A taxpayer so desiring to appeal shall, within ten (10) days from the date of mailing to the taxpayer of any such order, ruling or finding, file with the Tax Commission a written notice of his intention to appeal.
(b) Within thirty (30) days from the date of mailing to the taxpayer of the order, ruling, or finding complained of, the taxpayer desir-

ing to appeal shall file in the office of the Clerk of the Supreme Court a petition in error specifying the grounds upon which such appeal is based...."

6. Where an administrative remedy is provided by statute, relief must be sought from the administrative body, and that remedy must be exhausted before the courts will act; exhaustion of the administrative remedy is a jurisdictional prerequisite for resort to the courts. *Hughes v. City of Woodward*, Okl., 457 P.2d 787 (1969).

7. I find it unnecessary to discuss *Oklahoma Tax Commission v. Smith*, Okl., 610 P.2d 794 (1980) wherein we held that payment of tax under protest and filing of refund suit was not the exclusive remedy and that a declaratory judgment action was proper as no order, judgment or decree of the Commission was extant.

8. Section 226 (b) refers to payment of "the tax" and the majority opinion in effect holds that "the tax" is the "proposed assessment."

my opinion the legislature, in amending § 226 in 1978, did not intend to shorten the time for invoking § 226.

I respectfully dissent.

I am authorized to state that OPALA, J., concurs in the views expressed herein.