**CIMARRON INDUSTRIES, INC., A Delaware Corporation, Appellee,**

v.

**OKLAHOMA TAX COMMISSION, D. L. Berry, L. L. Leininger, and J. L. Merrill, as members of and composing said Commission, Appellant.**

No. 53015.

Supreme Court of Oklahoma.

Dec. 16, 1980.

Turner, Turner & Green by Frederick S. Lutz, Oklahoma City, for appellee.

Marjorie Patmon, Gen. Counsel, Oklahoma Tax Commission, Oklahoma City, for appellant.

HODGES, Justice.

Two questions are presented by this appeal: 1) Did the trial court have jurisdiction pursuant to 68 O.S.1971 § 226(c) [1] to deter-

---

1. 68 O.S.1971 § 226(c) provides: [§ 226 was amended in 1978, § 226(c) was not altered— See 68 O.S.Supp.1979 § 226(c).]

    "This section shall afford a legal remedy and right of action in any State or Federal Court having jurisdiction of the parties and the subject matter. It shall be construed to provide a legal remedy in the State or Federal Courts by action at law in cases where the taxes complained of are claimed to be an unlawful burden on interstate commerce, or the collection thereof violative of any Congressional Act or provision of the Federal Constitution, or in cases where jurisdiction is vested in any of the Courts of the United States. In all actions brought hereunder ser-

mine the amount of registration fees and penalties due because of the late registration of aircraft, and 2) Did the registration fee double after failure to register the aircraft on March 1.

On December 11, 1976, the Oklahoma Tax Commission [Commission-appellant], mailed the "annual notification and application for aircraft registration" to Cimarron Industries, Inc. [Cimarron-appellee], which informed Cimarron that its aircraft must be registered during January, 1977. The notification stated that failure to comply would result in the assessment of a penalty of twenty cents per day from February 1 through February 28, 1977, and on March 1 the registration fee would double.

Cimarron did not register its two aircraft. On June 24, 1977, the Commission, relying on 3 O.S.Supp.1976 § 254(E),[2] assessed a penalty equal to the registration fees. The registration fees for the two aircraft in the amount of $3,950.00 was paid July 3, 1977. The assessed penalty of $3,950.00 was also paid under protest. On August 8, 1977, Cimarron, invoking the provisions of 68 O.S. 1971 § 226, sought to recover the amount paid under protest in district court. The trial court found that, pursuant to 3 O.S. Supp.1976 § 254(E), the lawful penalty to be imposed was $56.00 per aircraft based on the computation of twenty cents per day for each aircraft in February and forty cents per day thereafter.

## I

The Commission argues that it, not the district court, has primary jurisdiction in all tax matters and that taxpayers should not be permitted two hearings, one before the Commission, and another in district court, prior to appellate review by the Supreme Court. The Commission contends that to do so would render the majority of hearings before the Commission useless and ineffective. The Commission also alleges that the effect of the procedure followed in this case would be to permit any taxpayer to avail himself of the provisions of § 226 without limitation when the assessment is paid under protest.

■ The Commission strongly urges that the taxpayer should have been compelled to exhaust the administrative remedies provided under 68 O.S.1971 §§ 221, 225,[3] because § 226(c) is limited to constitutional challenges. It is also asserted by the Commission that the cases relied on by the appellee either raised constitutional issues or did not raise the jurisdictional question nor assess a tax. The Commission contends these cases are not controlling and that the question of jurisdiction was not decided merely because it may have existed in the record and might have been raised and considered.[4]

■ We agree with the Commission. Where the statute clearly requires that an administrative determination precede judicial action, the administrative process may not be short-circuited.[5] The plain language

vice of process upon the Chairman of the Tax Commission shall be sufficient service, and the Tax Commission shall be the sole, necessary and proper party defendant in any such suit, and the State Treasurer shall not be a necessary or proper party thereto."

2. It is provided by 3 O.S.Supp.1976 § 254(E):
"Registrants not having purchased registration certificates in January will be penalized at the rate of twenty cents ($0.20) per day in February and doubled on the first day of March."

3. See 68 O.S.1971 §§ 221, 225 [These sections were amended in 1978; however little change was effected. See 68 O.S.Supp.1978 §§ 221, 225].

4. Questions which are neither called to the attention of the court nor ruled upon are not to

be considered as having been decided or precedential. See *United States v. Mitchell, 271 U.S. 9, 46 S.Ct. 418, 70 L.Ed. 799 (1926).*

5. In *Martin v. Harrah Ind. School Dist., 543 P.2d 1370, 1375 (Okl.1975)* this Court held:
"The presence of constitutional questions coupled with a sufficient showing of inadequacy of prescribed administrative relief and of threatened or impending irreparable injury resulting from delay incident to following the prescribed procedure has been held sufficient to dispense with exhausting the administrative process before instituting judicial intervention. However, this rule is not one of mere convenience or ready application."

of the statute clearly provides that it shall be construed to provide a remedy where the taxes complained of are 1) an unlawful burden on interstate commerce, 2) violative of Acts of Congress or the United States Constitution, or 3) in cases where jurisdiction is vested in any of the courts of the United States. None of these criteria were raised nor are they present in this case. The judicial remedy granted pursuant to § 226(c) is limited to cases which meet the statutorily delineated criteria.

## II

The Commission also asserts that the trial court's computation of the applicable penalty was incorrect. Again, we must agree with the Commission's assertion. It is provided by 3 O.S.Supp.1976 § 254(E) that "Registrants not having purchased registration certificates in January will be penalized at the rate of 0.20 per day in February and doubled on the first of March.

The Legislature has declared that its policy is to provide for aircraft registration in a manner which conforms to the registration procedures for automobiles.[6] The Motor Vehicle License and Registration Act [Act] defines a "vehicle" to include every device in, upon or in which any person is or may be transported.[7] Motor vehicle includes every self-propelled vehicle.[8] A penalty is imposed under the Act. Title 47 O.S.Supp. 1977 § 22.20 requires any person who neglects or refuses to register any vehicle and to pay in full the fees and penalties provided within thirty days after the fee becomes delinquent to pay double the ordinary fee. The Commission alleges that 3 O.S.1976 § 254(E) and 47 O.S.Supp.1977 § 22.20 provide for the registration fees on aircrafts and automobiles to double. A comparison of § 254(E) with the corresponding applicable statutes relating to automobile and "vehicle" registration requires the conclusion

that on March 1st the registration fee for aircraft would double.

REVERSED.

All the Justices concur.

---

6. It is provided by 3 O.S.Supp.1976 § 256(A) that:

"Registration fees and taxes shall be paid to and collected by the Oklahoma Tax Commission and its agents as in the case of automobiles."

7. See 47 O.S.Supp.1976 § 22.1(35), now 47 O.S. Supp.1980 § 22.1(36). [devices moved by human or animal power when not used on stationary rails or tracks are excluded]

8. See 47 O.S.Supp.1978 § 1–134.