Clyde STALLINGS, Denver Atkinson and Cecil Reynolds, Appellants,

v.

OKLAHOMA TAX COMMISSION, Appellee.

No. 73769.

Supreme Court of Oklahoma.

July 19, 1994.

Stipe, Gossett, Stipe, Harper, Estes, McCune & Parks, Gene Stipe, John B. Estes and Charles Gaunce, Oklahoma City, for appellants.

Oklahoma Tax Com'n, Stanley P. Johnston and Robert B. Struble, Oklahoma City, for appellee.

WATT, Justice.

### SUMMARY OF FACTS AND PROCEDURAL HISTORY

Appellants, Clyde Stallings, Denver Atkinson and Cecil Reynolds, are retired federal civil service employees who, for some period prior to 1989, voluntarily reported and paid state income taxes on their federal employee retirement benefits. On April 5, 1989, they filed suit in the District Court of Oklahoma County under 68 O.S.1981 § 226[1] seeking a refund of those taxes from appellee, Oklahoma Tax Commission. Relying upon *Davis v. Michigan Dept. of Treasury*, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989), appellants alleged that the taxes were collected in violation of 4 U.S.C. § 111 and the Equal Protection Clause of the United States Constitution. Appellants asserted that their retirement benefits were being taxed at a discriminatorily higher rate than the retirement benefits of retired state and local government employees.[2]

---

1. Prior to its amendment in 1989 (effective July 1, 1989), § 226 provided in relevant part:

    (a) In addition to the right of appeal to the Supreme Court provided for in the preceding section, a right of action is hereby created to afford a remedy to any taxpayer aggrieved by the provisions of this article or of any other state tax law, or who resists the collection of or the enforcement of the rules or regulations of the Tax Commission relating to the collection of any state tax.
    (b) Within thirty (30) days from the date of mailing to the taxpayer of the order, ruling or finding of the Tax Commission, any such taxpayer shall pay the tax to the Tax Commission, and at the time of making such payment shall

give notice to the Tax Commission of his intention to file suit for recovery of such tax....
    (c) This section shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and the subject matter. It shall be construed to provide a legal remedy in the state or federal courts by action at law in cases where the taxes complained of are claimed to be an unlawful burden on interstate commerce, or the collection thereof violative of any Congressional Act or provision of the Federal Constitution....

2. Prior to their respective amendments in 1989, 74 O.S.1981 § 923 exempted from taxation all benefits of retired state and local government employees, while 68 O.S.Supp.1982 § 2358(D)(9)

The Commission filed a motion to dismiss for lack of subject matter jurisdiction. It argued that § 226 provides the sole basis for conferring district court jurisdiction, and that appellants failed to satisfy the jurisdictional prerequisites of subsection (b) because they paid the taxes without protest and failed to give notice of intent to file a lawsuit. Appellants argued that the jurisdictional requirements of subsection (b) were inapplicable because the taxes were exacted in violation of federal law. The district court held that appellants failed to satisfy the statutory requirements for bringing the action and dismissed the suit for lack of subject matter jurisdiction.

The Court of Appeals reversed. The court initially declared that the disputed taxes were collected in violation of 4 U.S.C. § 111. The court then ruled that subsection (b) was not applicable to this case and that subsection (c) provided an independent basis for conferring district court jurisdiction. Finding that no exhaustion of administrative remedies was required under subsection (c), the court held that appellants could maintain their action under that provision.

### ISSUE

The sole issue to be decided on certiorari is whether, under 68 O.S.1981 § 226, the district court properly dismissed appellants' action for lack of subject matter jurisdiction. We answer this question in the affirmative and vacate the decision of the Court of Appeals.

### DISCUSSION

■ We initially agree with the Court of Appeals that § 226 contains no requirement that administrative remedies be exhausted before a taxpayer may resort to district court action. In *Ladd Petroleum Corp. v. Oklahoma Tax Comm'n*, 767 P.2d 879 (Okla.1989), Ladd contested the assessment of additional taxes imposed by the Commission on the

exempted only $4,000.00 per year of retirement benefits received by retired federal civil servants. In *Davis*, the Court held that a similar Michigan taxing scheme violated 4 U.S.C. § 111 and the constitutional doctrine of intergovernmental tax immunity embodied in the Supremacy Clause of

grounds that the taxes violated the federal constitution. Rather than lodging an administrative protest before the Commission under 68 O.S.1981 § 221, Ladd remitted the taxes under protest, in accordance with § 226, and filed suit in district court. The district court sustained the Commission's demurrer, ruling that Ladd had failed to exhaust its administrative remedies and that the court lacked subject matter jurisdiction. On appeal, this Court held that § 226 contains no exhaustion requirement:

> We examine first the trial court's ruling that Ladd failed to exhaust its administrative remedies, and find that no exhaustion requirement exists under § 226 of title 68. Aggrieved taxpayers who protest under § 221 of title 68 must follow the specific administrative procedures set forth therein. Appeals from adverse rulings of the Commission under § 221 lie directly to this court. 68 O.S.1981 § 225. In contrast, § 226 provides an avenue to district court where the taxes complained of allegedly violate the United States Constitution, and "the judicial remedy granted pursuant to § 226(c) is limited to cases which meet the statutorily delineated criteria." *Cimarron Industries, Inc. v. Oklahoma Tax Commission* 621 P.2d 539, 542 (Okla.1980).
>
> In [*Cimarron*], we ruled that one could not short-circuit the administrative process by resort[ing] to district court without first meeting the jurisdictional prerequisites of § 226. Here, the converse is equally true. One may not be deprived of his full and fair day in district court by forcing him to surmount nonexistent administrative hurdles. The plain language of § 226(c) contains no exhaustion requirement....

*Ladd,* 767 P.2d at 882.

■ Although the appellate court correctly determined that § 226 contains no exhaustion requirement, the inquiry into the district court's subject matter jurisdiction does not end with such ruling. Certain *jurisdictional*

the federal constitution. *Davis,* 489 U.S. at 817, 109 S.Ct. at 1508. Recently, in *Strelecki v. Oklahoma Tax Commission,* 872 P.2d 910, (Okla. 1993), *reh'g granted for limited purpose,* this Court relied upon *Davis* in holding that Oklahoma's pre–1989 tax scheme was invalid.

*requirements* must still be satisfied before the provisions of § 226 may be employed. The jurisdictional requirements are those set forth in § 226(b), that the taxes be paid under protest and notice be given at the time of payment that a suit to recover taxes will be filed.

In *Ladd,* we indicated that compliance with § 226(b) is required before initiating a district court action when we stated:

In 1980, we decided *Ladd Petroleum Corp. v. Oklahoma Tax Commission,* 619 P.2d 602, in which Ladd objected to similar assessments. We could not reach the gravamen of Ladd's complaint because Ladd failed to satisfy the thirty day requirement for lodging its protest under 68 O.S.Supp. 1979 § 226(b).

*Ladd,* 767 P.2d at 880 n. 1. In the 1980 *Ladd* case, this Court held "that a taxpayer must always satisfy the 30–day limitation requirement in section 226 in order to avail itself of the remedy in that section." *Ladd,* 619 P.2d at 604.

In *Private Truck Council v. Oklahoma Tax Comm'n,* 806 P.2d 598 (Okla.1990), *vacated and remanded on other grounds* — U.S. ——, 111 S.Ct. 2882, 115 L.Ed.2d 1048 (1991), we again stated that compliance with § 226(b) is required before a district court suit may be filed. We held:

The legal avenues for bringing an action under § 226(c) are not expressly limited, there is no requirement that a taxpayer seek and exhaust administrative remedies. However, there is a requirement that a taxpayer must pay the taxes under protest or at the time of payment give notice of an intent to file a lawsuit.

*Id.* at 607.

■ The above holdings comport with this Court's directive that statutes be construed as a consistent whole and every portion thereof be given effect if possible. *Cowart v. Piper Aircraft Corp.,* 665 P.2d 315, 317 (Okla.1983). *See also Ledbetter v. Oklahoma Alcoholic Bev. Laws Enforcement Comm'n,* 764 P.2d 172, 179 (Okla.1988). Although subsection (c) provides an avenue of relief in district court where taxes are alleged to have been collected in violation of a congressional act or provision of the federal constitution, it is not severable from the remainder of § 226. Subsection (b) of § 226 requires that taxes be paid under protest and that notice of intent to file suit be given before a taxpayer may resort to judicial remedies. In the present case, appellants did not fulfill either requirement. Moreover, the Court of Appeals was without power to grant dispensation from these statutorily imposed jurisdictional requirements. *Estate of O'Bannon v. Oklahoma Tax Comm'n,* 633 P.2d 741, 742 (Okla.1981).

■ Although appellants *may* have asserted a meritorious claim[3], that issue is not properly before us. The sole issue to be determined is whether appellants' petition, brought under the auspices of § 226, was sufficient to invoke the district court's subject matter jurisdiction. Section 226 envisions that an aggrieved taxpayer initially seek relief from the Commission, *and the Commission be given an opportunity to rule on the contested matter,* before the taxpayer may resort to judicial remedies under the provision. As set forth in § 226(b), a taxpayer must give notice of intent to file a lawsuit "[w]ithin thirty (30) days from the date of mailing to the taxpayer of the order, ruling or finding of the Tax Commission...." In the present case, appellants voluntarily paid

---

**3.** As previously stated, *Strelecki v. Oklahoma Tax Comm'n* declared that Oklahoma's pre–1989 tax scheme was invalid under the rule announced in *Davis v. Michigan Dept. of Treasury, supra.* at note 2. *Strelecki* also recognized that pursuant to *Harper v. Virginia Dept. of Taxation,* 509 U.S. ——, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), the *Davis* rule applies retroactively to require refunds on timely claims of voluntary overpayments of state income tax on federal retirement income. Although the Court in *Strelecki* granted relief to the taxpayers at issue therein, we specifi-

cally declined to express an opinion on the refundability or correctness of other claims. *Strelecki,* 872 P.2d at 922. While not ruling on the timeliness or mathematical correctness of other claims, on rehearing we clarified that our opinion was binding on the Commission in other refund proceedings brought by similarly situated taxpayers—those persons who reported and paid income taxes on federal civil service and military retirement income and timely gave notice of the overpayment and a claim for refund. *Strelecki,* 872 P.2d at 923–924 (Corrected Order of Clarification).

their taxes for a number of years and never sought relief from the Commission prior to bringing this action. Because they did not seek relief in the first instance from the Commission, the Commission was not given the opportunity to either refund the disputed taxes or issue an order, ruling or finding that would have triggered the thirty day time limit of subsection (b). It is only after the Commission had taken such action that appellants could have, if aggrieved, taken steps to satisfy the jurisdictional prerequisites and avail themselves of the remedies afforded by § 226. Having failed to do so, appellants' claim brought pursuant to § 226 was properly dismissed.

■ In reaching the above conclusion, we think it beneficial to distinguish this case from *Oklahoma Tax Comm'n v. Smith*, 610 P.2d 794 (Okla.1980). The taxpayer in *Smith* brought a declaratory judgment action in district court challenging an income tax statute on federal constitutional grounds. In response to the Attorney General's argument that § 226 provided the taxpayer with his exclusive remedy, this Court held that no adequate remedy was available under § 226 because the taxpayer attacked the statute "prior to the issuance of an order, judgment or decree by the commission, and at the time of filing the action ... no tax was due." *Id.* at 802. We reiterate today that "one adversely affected by a statute which he contends is invalid on its face need not violate that law in order to obtain a declaration of its validity or invalidity." *Id.* at 801, quoting *State Bd. of Examiners in Optometry v. Lawton*, 523 P.2d 1064, 1066 (Okla.1974). However, where a taxpayer opts to pay a tax *before challenging it* under § 226, the taxpayer must satisfy the jurisdictional requirements of § 226—that the tax be paid under protest and notice given that a suit to recover the tax will be filed. Unlike the taxpayer in *Smith*, § 226 would have provided the taxpayers herein with an adequate remedy had they satisfied the provision's jurisdictional requirements.

■ Appellants argue that compelling them to satisfy the jurisdictional require-

ments of § 226 before allowing them redress thereunder "offends federal law and constitutes a taking without due process." Appellants contend that due process requires they be given a refund because the taxes were exacted before appellants were given the opportunity to challenge them.[4] Essentially, they argue that no procedural impediment to a refund may be raised by the state to frustrate the recovery of taxes imposed in violation of the federal constitution. We disagree.

In *McKesson Corp. v. Div. of Alcoholic Beverages & Tobacco*, 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990), a unanimous Supreme Court discussed pre-deprivation and post-deprivation remedies for challenging a tax. A pre-deprivation remedy is one that permits a taxpayer to contest a tax prior to its payment, while a post-deprivation remedy is one used after the taxpayer has paid a tax. The Court explained that a state may, but is not required to, provide a pre-deprivation remedy before exacting a tax. *Id.* 496 U.S. at 36–37, 110 S.Ct. at 2250. In the absence of a pre-deprivation remedy, a state must provide a post-deprivation remedy that affords taxpayers a fair opportunity to challenge and recover an unlawful tax. *Id.* 496 U.S. at 39, 110 S.Ct. at 2251. *Accord Kay Electric Co-op. v. Oklahoma Tax Comm'n*, 815 P.2d 175, 179 (Okla.1991) (Summers, J., concurring in part and dissenting in part). Nothing before us in this case suggests that a procedure requiring a taxpayer to file a claim for a refund with the Commission deprives the taxpayer of a fair opportunity to challenge an unlawful tax. Nothing has been presented to this Court to demonstrate that the state procedures requiring timely protest are arbitrary in a constitutional sense. *See Ross v. Oklahoma*, 487 U.S. 81, 88–91, 108 S.Ct. 2273, 2278–80, 101 L.Ed.2d 80 (1988), and the explanation of *Logan v. Zimmerman Brush Co.*, 455 U.S. 422, 102 S.Ct. 1148, 71 L.Ed.2d 265 (1982).

Appellants assert that a state must provide a remedy that allows a taxpayer to recover unconstitutional taxes paid in the past no matter how far removed in time from the

---

4. As previously stated, appellants were not *required* to pay the disputed taxes prior to chal-

lenging them. *Oklahoma Tax Comm'n v. Smith, supra.*

protest action those taxes were paid. Again, we disagree. In discussing a state's concern with its ability to engage in sound fiscal planning, the *McKesson* Court held:

> A State's freedom to impose various procedural requirements on actions for postdeprivation relief sufficiently meets this concern with respect to future cases. The State might, for example, provide by statute that refunds will be available only to those taxpayers paying under protest or providing some other timely notice of complaint; execute any refunds on a reasonable installment basis; enforce relatively short statutes of limitation applicable to such actions; refrain from collecting taxes pursuant to a scheme that has been declared invalid by a court or other competent tribunal pending further review of such declaration on appeal; and/or place challenged tax payments into an escrow account or employ other accounting devices such that the State can predict with greater accuracy the availability of undisputed treasury funds. The State's ability in the future to invoke such procedural protections suffices to secure the State's interest in stable fiscal planning when weighed against its constitutional obligation to provide relief for an unlawful tax.

*McKesson,* 496 U.S. at 45, 110 S.Ct. at 2254–55.

■ A state may, therefore, impose a requirement that refunds for an unconstitutional tax will be available only for those complying with a statutorily prescribed protest procedure. As the Court in *McKesson* stated, "[w]e assume for present purposes that petitioner satisfied whatever protest requirements might exist, though ... upon remand the State may invoke, as an independent basis for refusing to provide a refund, petitioner's failure to comply with a notice requirement that was in effect at the time of petitioner's tax payments." *Id.* 496 U.S. at 24–25 n. 4, 110 S.Ct. at 2243–44 n. 4. A parallel sentiment was expressed in *Harper v. Virginia Dept. of Taxation,* 509 U.S. ——, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993), where a similar challenge to an unconstitutional state tax was presented. The Supreme Court declined to enter judgment for the taxpayers "because federal law does not necessarily entitle them to a refund." *Id.* 509 U.S. at ——, 113 S.Ct. at 2519. Even if the tax was unconstitutional, the taxpayers might not get a refund if the state provided for relief consistent with federal due process and the taxpayers failed to follow the procedure.

Each year that appellants paid the now contested tax, they possessed a statutory remedy to challenge the tax and claim a refund. This they failed to do. Our conclusion that appellants are not entitled to maintain this action under § 226 does not offend federal due process.

We are not asked to articulate, nor do we express an opinion, regarding any other avenues of relief which are or were available to appellants. Our opinion relates only to the applicability of § 226 under the facts of this case. We specifically note that appellants, unlike the taxpayers in *Strelecki,* supra at note 2, do not urge that they filed a refund claim for overpayment of taxes pursuant to 68 O.S.Supp. 1985 § 2373, or that they filed any amended tax returns.

## CONCLUSION

Before a taxpayer may file a suit for refund of taxes in district court pursuant to § 226, he must first pay the taxes under protest and at the time of payment give notice of his intent to file suit. Appellants neither paid the taxes under protest nor gave notice of intent to file suit at the time the taxes were paid. Therefore, they failed to satisfy the statutory prerequisites for invoking district court jurisdiction under § 226.

Certiorari previously granted. The opinion of the Court of Appeals is vacated. The judgment of the district court is affirmed.

LAVENDER, V.C.J., and SIMMS, HARGRAVE and SUMMERS, JJ., concur.

KAUGER, J., concurs in part, dissents in part.

HODGES, C.J., and OPALA and ALMA WILSON, JJ., dissent.

ALMA WILSON, Justice, with whom HODGES, Chief Justice, and OPALA, Justice, join, dissenting:

In this case, the appellants' federal retirement income was included in taxable income for state income tax purposes.[1] Appellants voluntarily reported and paid state taxes on their retirement income. Retirement income of public employees of the state was exempted from state taxes.[2] The United States Supreme Court declared a similar statutory scheme to be violative of federal law in *Davis v. Michigan Department of Treasury*, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989). On April 7, 1989, appellants (taxpayers) initiated this cause in the district court seeking injunctive relief and refund of the tax previously paid on their federal retirement income, alleging discriminatory treatment as pronounced in *Davis*. The Oklahoma Tax Commission (OTC) sought dismissal of the petition asserting that 68 O.S. 1981, § 226 requires payment under protest as a prerequisite to invoking the jurisdiction of the district court. The district Court dismissed the petition for lack of subject matter jurisdiction. Dismissal of this cause for lack of subject matter jurisdiction is contrary to our statutes and extant jurisprudence. Accordingly, I must respectfully dissent.

In affirming the dismissal, the majority finds that "Section 226 envisions that an aggrieved taxpayer initially seek relief from the Commission, **and the Commission be given an opportunity to rule on the contested matter**, before the taxpayer may resort to judicial remedies under the provision."[3] I find no such intent in § 226. Title 68 O.S. 1981, § 226, the applicable version at the time this cause was initiated, provided:

(a) In addition to the right of appeal to the Supreme Court provided for in the preceding section, **a right of action is hereby created to afford a remedy to any taxpayer aggrieved by the provisions of this article or of any state tax law, or** who resists the collection of or the enforcement of the rules or regulations of the Tax Commission relating to the collection of any state tax.

(b) **Within thirty (30) days from the date of mailing to the taxpayer of the order, ruling or finding of the Tax Commission, any such taxpayer shall pay the tax to the Tax Commission, and at the time of such payment shall give notice to the Tax Commission of his intention to file suit for recovery of such tax.** If the taxpayer prevails the Tax Commission shall, by cash voucher drawn by the Tax Commission upon its official depository clearing account or special refund reserve account with the State Treasurer, refund to the taxpayer the amount of tax determined not to be due pursuant to the final judgment of the court having jurisdiction, together with interest on such amount at the rate of three percent (3%) per annum from the date of the court's final order. The refunds paid shall be payable as provided in Section 225(d).

(c) **This section shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter. It shall be construed to provide a legal remedy in the state or federal courts by action at law in cases where the taxes complained of are claimed to be an unlawful burden on interstate commerce, or the collection thereof violative of any Congressional Act or provision of the Federal Constitution, or in cases where jurisdiction is vested in any of the Courts of the United States.** In all cases brought hereunder service of process upon the Chairman of the Tax Commission shall be sufficient service, and the Tax Commission shall be the sole, necessary and proper party defendant in any such suit, and the State Treasurer shall not be a necessary or proper party thereto.

1. 68 O.S.1981, §§ 2351 et seq.

2. 74 O.S.1981, § 923.

3. Requiring a taxpayer to give the OTC "an opportunity to rule on the contested matter" is nothing short of requiring exhaustion of administrative remedies, even though this Court has already said there is no exhaustion of administrative remedies under § 226. *Ladd Petroleum Corporation v. Oklahoma Tax Commission*, 767 P.2d 879 (Okla.1989).

(d) Upon request of any taxpayer and upon proper showing that the principle of law involved in the assessment of any tax is already pending before the courts for judicial determination, the taxpayer, upon agreement to abide by the decision of the court, may pay the tax so assessed under protest, but need not file a suit.

[Emphasis added.]

Subsection (a) of § 226 creates a district court remedy to redress a myriad of taxpayer complaints—taxpayer grievances caused by the procedural tax laws or substantive tax laws or the enforcement of the tax laws or the collection of any state tax. Expressly, the right of taxpayers to take their grievances to district court is in addition to the right of action in § 225. Section 225 authorizes appeals to this Court from appealable orders, rulings or findings of the OTC in administrative hearings under §§ 207, 221 and 227.[4] Thus, on its face, § 226 provides that the district court remedy shall be in addition to the administrative remedies provided taxpayers.

Subsection (b) requires a taxpayer to whom the Tax Commission has mailed an order, ruling or finding to pay the tax and give notice of intent to file suit in the district court. The majority reads "order, ruling or finding" in subsection (b) as requiring an aggrieved taxpayer to give the OTC an opportunity to rule on the contested matter before suit may be filed in district court. Reading subsections (a) and (b) together, subsection (b) relates to taxpayers who are resisting the collection of a tax, but it does not relate to taxpayers challenging the procedural tax laws or substantive tax laws or the enforcement of the tax laws other than the collection process. Hence, subsection (b) is applicable only to those taxpayers against whom the OTC has assessed taxes.

Reading "order, ruling or finding" in § 226(b) to mean assessment is consistent with the statutes authorizing the issuance of assessment. For instance, § 221(a) of Title 68, the general assessment statute, provides: "Proposed assessments made in the name of the 'Oklahoma Tax Commission' by its autho-

rized agents shall be considered as the action of the Tax Commission." Section 815 of Title 68 provides that the OTC shall "by order assess" estate taxes and that the a taxpayer aggrieved "with such findings or assessment" may file a written objection. It is also consistent with § 229 authorizing payment of judgment interest on the recovery of **taxes erroneously paid.** 68 O.S.1981, § 229 provided:

In case of any judgment rendered under any provision of law **for the filing of a suit and recovery of taxes erroneously paid,** in which judgment interest is allowed the taxpayer, said interest may be paid from the appropriation herein made where there is no other provision of law for paying same.

[Emphasis added.]

If the legislature envisioned that a taxpayer could not maintain a § 226 action in district court unless the taxes were paid with notice of intent to file suit, then § 229 is meaningless because refund of taxes paid under subsection (b) is provided for in that subsection. Similarly, refund of taxes assessed under § 221 and paid as a jurisdictional prerequisite to maintaining an appeal to this Court is provided for in § 225 and refund of erroneously paid taxes in an administrative proceeding is provided for in § 228.

More importantly, restricting an income taxpayer's right to file suit under § 226 to those situations where the tax was paid pursuant to an assessment is inconsistent with the refund provisions of the income tax laws. Section 2373 of Title 68 provides, in part:

If upon any revision or adjustment, including **overpayment** or illegal payment on account of income derived from tax-exempt Indian land, **any refund is found to be due any taxpayer,** it shall be paid ...

The information filed, reflecting the revision or adjustment, **shall constitute the claim for refund.**

... the amount of a refund shall not exceed the portion of the tax paid during the three (3) years immediately preceding the filing of the claim **or, if no claim was filed,** then during the three years immedi-

**4.** *Sowders v. Oklahoma Tax Commission,* 527 P.2d 852 (Okla.1974);

ately preceding the allowance of the refund; . . . .

[Emphasis added.]

Section 2373, on its face, envisions that income taxes which were voluntarily reported and paid may be refunded **upon any revision or adjustment** even when no claim is filed for which a refund is claimed thereunder, i.e., in a § 226 action. This vision is bolstered by the income tax statute which provides for interest on refunds of income tax under § 226. 68 O.S.1981, § 2374 provided:

> In case of any refund to a taxpayer as provided in Section 226 of the Uniform Tax Procedure Code **for taxes collected pursuant to this act,** the Tax Commission shall pay interest thereon at the rate of six percent (6%) per annum from the date of payment by the taxpayer to the date of such refund. To the extent inconsistent herewith, Section 226 of the Uniform Tax Procedure Code is hereby superseded.

The majority explains that had the taxpayers given notice of their intent to file suit **at the time of the payment** then they could have maintained this suit, otherwise taxpayers are relegated to the administrative claim for refund as in *Strelecki v. Oklahoma Tax Commission,* 872 P.2d 910 (Okla.1993). But, I find no language in § 226 which restricts the broad language setting forth the subject matter of the grievances which may be raised in the cause of action created therein. Nothing indicates that voluntarily but erroneously paid taxes cannot be recovered in a § 226 action. Nothing indicates that a taxpayer may voluntarily report but must pay under protest with that report. The only restriction on the right of a taxpayer to bring suit to recover erroneously paid income tax is contained in subsection (c), restricting the right to the action to challenge state tax laws or the enforcement thereof as violative of federal law.[5] These taxpayers have no right to injunctive relief,[6] but § 226 gives them a right to institute and maintain an action in district court to recover income taxes erroneously paid under a statute that violates federal constitutional and statutory law, as alleged in their petition. Refusal to impose the requirements of subsection (b) upon taxpayers herein is consistent with the current version of § 226,[7] which provides:

> (a) In addition to the right to a protest of a proposed assessment as authorized by Section 221 of this title, a right of action is hereby created to afford a remedy to a taxpayer aggrieved by the provisions of this article or of any other state tax law, or who resists the collection of or enforcement of the rules and regulations of the Tax Commission relating to the collection of any state tax; however, **such remedy shall be limited as prescribed by subsection (c) of this section.**

> (b) Within thirty (30) days from the date of mailing to the taxpayer of **an assessment for taxes or additional taxes pursuant to Section 221 of this title by** the Tax Commission, any such taxpayer shall pay the tax to the Tax Commission, and at the time of making such payment shall give notice to the Tax Commission of his intention to file suit for recovery of such tax. . . .

> (c) This section shall afford a legal remedy and right of action . . . at law **only** in cases where the taxes complained of are claimed to be an unlawful burden on interstate commerce, or the collection thereof violative of any Congressional Act or provision of the Federal Constitution. . . .

[Emphasis added to amendatory language.]

---

5. The judicial remedy granted in § 226 is limited to cases which meet the statutory delineated criteria 1) an unlawful burden on interstate commerce, 2) violative of Acts of Congress or the United States Constitution, or 3) in cases where jurisdiction is vested in any of the courts of the United States. *Cimarron Industries, Inc. v. Oklahoma Tax Commission,* 621 P.2d 539 (Okla. 1980).

6. An Oklahoma taxpayer may not maintain an action to enjoin the collection of a tax. *Oklahoma Tax Commission v. Harris,* 191 Okla. 28, 126 P.2d 685 (1942).

7. Section 226 was amended in 1989, effective July 1, 1989. 1989 Okla.Sess.Laws, ch. 249, § 13. Section 226 was again amended adding language subsection (b) to provide for the award of judgment interest and attorney fees and costs where the position taken by the OTC is not substantially justified.

Additionally, the petition filed in district court alleged that the "(p)laintiffs have been and are being subjected to taxes on their Federal Employee Retirement Benefits at a rate which is discriminatorily higher than the tax rates applied to employees retired from state and local governments of the State of Oklahoma...." This allegation is sufficient to bring this cause with *Oklahoma Tax Commission v. Smith,* 610 P.2d 794 (Okla.1980), for declaratory judgment as to the constitutionality of the income tax law for which reports for the 1988 tax year would become due on April 15, 1989, eight days after the filing of this cause.

Today's ruling places a premium on violation of the tax reporting statutes. If a taxpayer refuses to voluntarily report and pay the tax and the OTC catches up with the taxpayer and issues a proposed assessment, then the taxpayer has a choice of remedies to challenge the collection of the tax as violative of federal law. But taxpayers who voluntarily submit to the tax laws of this state have no choice. Their remedy for a federal law challenge is before the OTC, even though the OTC has no power to declare the tax law violative of federal law.[8] I would not deny the taxpayers a statutory right to a district court action herein absent a clear legislative expression of such limitation.

The Court's overly restrictive reading of §.226 deprives the taxpayers of a valuable remedial avenue in the form of a district court action. In so doing the Court impermissibly narrows the procedural channels available to a taxpayer who has overpaid taxes and claims the presence of a federal constitutional infirmity by means of an unlawful exaction. Today's opinion could be interpreted as bringing Oklahoma's postdeprivation remedies below the minimum of "meaningful relief" demanded by federal due process. *McKesson Corp. v. Division of Al-*

*coholic Beverages & Taxation,* 496 U.S. 18, 110 S.Ct. 2238, 110 L.Ed.2d 17 (1990).

OPALA, Justice, with whom ALMA WILSON, Justice, joins, dissenting.

Today's pronouncement *closes* the district courts to all those who *timely* claim refund of *voluntary* tax overpayment made in unawareness of a federal-law infirmity in the state exaction. It deprives these taxpayers of access to the only first-instance forum with authority to grant relief from the offending tax, relegating them instead to a protest before the Tax Commission, an agency *powerless* to strike down any statutorily imposed levy.[1]

In this Nation, which takes pride in its commitment to the rule-of-law principle, *unlawful* government exaction is very serious business. The U.S. Constitution regards it as confiscation of property from which a State must provide *effective* and *meaningful relief.*[2] Responding to this command of Due Process,[3] I would today *open* the district courts—*sans* any procedural barriers—to *timely* refund claims by all those taxpayers who protest their self-assessed liability to the State on federal or state constitutional grounds.

Because the remedy afforded by this court's opinion falls short of the mandated minimum for a constitutionally acceptable refund regime, I recede from today's pronouncement and from the court's judgment to stand in dissent.

**8.** The OTC has no authority to declare a tax statute void as contrary to federal law. *Dow Jones & Co. v. Oklahoma Tax Commission,* 787 P.2d 843, (Okla.1990).

**1.** *Dow Jones & Co. v. State ex rel. Tax Com'n,* Okl., 787 P.2d 843, 845 (1990).

**2.** *McKesson v. Div. of Alcoholic Beverages & Tobacco,* 496 U.S. 18, 31, 110 S.Ct. 2238, 2247, 110

L.Ed.2d 17 (1990); *Harper v. Virginia Dept. of Taxation,* 509 U.S. ——, 113 S.Ct. 2510, 2519–2520, 125 L.Ed.2d 74 (1993).

**3.** 14th Amend., U.S. Const.; Art. 2, § 7, Okl. Const.; *Strelecki v. Oklahoma Tax Com'n,* Okl., 872 P.2d 910, 922 (1994).