1998 OK 99

Nanette Holt PRICE, as conservator for Norma R. Holt, and Norma R. Holt, debtor-in-possession, Plaintiffs,

v.

STATE of Oklahoma ex rel. OKLAHOMA TAX COMMISSION, Defendant.

No. 91,165.

Supreme Court of Oklahoma.

Oct. 13, 1998.

As Corrected Oct. 19, 1998.

See also, 932 P.2d 1130.

John B. Turner, Stuart, Biolchini, Turner & Givray, Paul J. Cleary, Boone, Smith, Davis, Hurst & Dickman, Diana H. Clark, Tulsa, for Plaintiffs.

Thomas E. Kemp, General Counsel, Oklahoma Tax Commission, Joseph P. Gappa,

Assistant General Counsel, Oklahoma Tax Commission, for Defendant.

WATT, J.:

## STATEMENT OF FACTS

■ ¶1 The United States Bankruptcy Court for the Northern District of Oklahoma certified the following question of state law to us under Revised Uniform Certification of Questions of State Law Act, 20 O.S.1991 §§ 1601 et seq.:

Is interest due to taxpayer on refunds for pre–1987 tax years where a taxpayer voluntarily pays the taxes at the time of filing of original returns, and then timely files amended returns entitling the taxpayer to tax refunds following a final determination of a reduction in net income by the Internal Revenue Service?

The parties stipulated to the facts relevant to our resolution of the question.

¶2 Plaintiff, Nanette Holt Price is Conservator for Norma R. Holt. Norma R. Holt is the Debtor–in–Possession in a bankruptcy proceeding before the United States Bankruptcy Court for the Northern District of Oklahoma. Holt sought bankruptcy protection in November 1988 after she lost $2,000,-000.00 as a result of the larceny of Frank B. Carson, Jr.

¶3 Holt had paid taxes on the proceeds of the sale of a business but only later learned that they had been stolen by Carson. After Holt discovered the theft, she filed amended federal returns requesting refunds based on her theft loss. The Internal Revenue Service denied the theft loss deduction. On December 13, 1991, Holt sued the Internal Revenue Service in an Adversary Proceeding in United States Bankruptcy Court. Holt requested that the bankruptcy court order a refund by the Internal Revenue Service to Holt because of Holt's theft loss.

¶4 The bankruptcy court concluded that Holt had suffered a deductible theft loss, and ordered the Internal Revenue Service to refund $192,800.00 plus interest to Holt for the tax years 1984 through 1987. The United States District Court for the Northern District of Oklahoma affirmed the bankruptcy court's ruling. The Internal Revenue Service appealed to the United States Court of Appeals for the Tenth Circuit. Holt's judgment against the Internal Revenue Service became final on October 12, 1994, when the Internal Revenue Service dismissed its appeal to the Tenth Circuit with prejudice. The Internal Revenue Service ultimately paid Holt $317,235,76 in principal and interest.

¶5 Holt filed amended Oklahoma income tax returns with the Oklahoma Tax Commission dated October 22, 1994 for the tax years 1984 through 1987 seeking a refund of $88,-624.00 plus interest. These amended returns were filed within one year of the final Internal Revenue Service determination allowing Holt's claims for federal income tax refunds. Holt sought Oklahoma state income tax refunds totaling $88,533.00. The Oklahoma Tax Commission denied Holt's refund claims by letter dated June 21, 1995.

¶6 On July 20, 1995, Holt simultaneously filed an Adversary Proceeding in the bankruptcy court against the Oklahoma Tax Commission and a protest with the Oklahoma Tax Commission in which she sought the refunds requested in her amended state income tax returns.

¶7 In the case filed July 20, 1995, the bankruptcy court certified to us the question whether 68 O.S. Supp.1994 § 2375.H.5 operated to bar a refund to Holt where the final determination by the Internal Revenue Service was made after September 1993 for tax years ending prior to June 30, 1988.[1] The Tax Commission claimed that § 2375.H.5 barred Holt's claim. We rejected the Tax Commission's argument on the ground that

---

1. Title 68 O.S.1994 § 2375.H.5 provides as follows:

The provisions of this subsection shall be effective September 1, 1993, and except in the case of tax years which are the subject of closing, settlement or resolution agreements entered into by taxpayers and the Tax Commission, keep open all tax years beginning after June 30, 1988, and all tax years beginning on or before June 30, 1988, for which extensions of the statute of limitations have been executed by the taxpayer, but only to the extent such extensions remain open on the date of enactment hereof.

the interpretation it championed would have served to deprive Holt, without either notice or hearing, of a vested right to a state refund after having established her right to a federal refund. *Holt v. State ex rel., Oklahoma Tax Commission,* 1997 OK 12, 932 P.2d 1130.

¶ 8 The Tax Commission has refunded the principal of the taxes Holt had overpaid, but now refuses to pay Holt interest on any tax year but 1987. The Tax Commission now claims in the bankruptcy court that it owes no interest on the principal for the years 1984–86 because the interest provisions of 69 O.S. Supp.1993 § 217(h) apply only to the 1987 and later tax years.[2] Thus, argues the Tax Commission, interest is unavailable to Holt on her refunds for tax years 1984–86.

¶ 9 The Tax Commission paid interest on the 1987 refund at one and one-quarter percent per month, as required by § 217, which amounted to $1,697.52. Holt claims that her right to interest is governed by 68 O.S.1991 § 2374, not § 217(h).[3] Holt claims that the Tax Commission owes "interest on all the refunds at the rate of 6% per annum from the date of payment by the taxpayer to the date of refund." Holt does not say what the amount of interest should be.

¶ 10 There is an irony in the disagreement between Holt and the Tax Commission over which interest provision applies. Section 217(h), the section relied on by the Tax Commission, calls for interest at one and one-quarter percent per month (fifteen percent per annum), while under § 2374, the section upon which Holt relies, only six percent per annum interest is available. Despite the difference in the rate of interest between the two sections, the Tax Commission would owe much less interest under § 217(h) than it would under § 2374 because the higher interest rate would apply only to the 1987 refund under § 217(h), and interest would accrue under § 2374 from the date the taxes were paid, not just from the date the Tax Commission refused to pay the refund.

## DISCUSSION

¶ 11 There are three statutes and three different rates of interest that apply to Oklahoma income tax refunds. Two of them, § 217(h) and § 2374 were discussed above. The third, 68 O.S. Supp.1994 § 225(d), provides for interest at three percent per annum.[4] Each of the three sections applies to a separate situation, and each must be examined in order to answer the certified question.

*Section 217(h)*

¶ 12 Subsection (h) was not added to § 217 until 1988. Prior to its 1988 amendment, § 217 allowed interest only to the Tax Commission, not to taxpayers. The 1988 amendment provided, for the first time, that taxpayers would be entitled to interest at the same rate as that to which the Tax Commission was entitled, "Whenever an income tax refund is not paid to the taxpayer within ninety (90) days after the return is filed or due ..." The taxpayer's right to interest under § 217(h), however, was available only "to tax year 1987 and subsequent tax years."

2. 68 O.S. Supp.1993 § 217(h) provides, in material part, as follows:

(h) Whenever an income tax refund is not paid to the taxpayer within ninety (90) days after the return is filed or due, whichever is later, with all documents as required by the Commission, entitling the taxpayer to a refund, then the Tax Commission shall pay interest on the refund, at the same rate specified for interest on delinquent tax payments. The payment of interest on refunds provided for by this section shall apply to tax year 1987 and subsequent tax years. . . .

3. 68 O.S.1991 § 2374 provides:

In the case of any refund to a taxpayer as provided in Section 226 of the Uniform Tax Procedure Code for taxes collected pursuant to this act, the Tax Commission shall pay interest thereon at the rate of six percent (6%) per annum from the date of payment by the taxpayer to the date of such refund. To the extent inconsistent herewith, Section 226 of the Uniform Tax Procedure Code is hereby superseded.

4. 68 O.S. Supp.1994 § 225(d) provides:

(d) If the appeal is from an order of the Tax Commission or a district court denying a refund of taxes previously paid and if upon final determination of the appeal, the order denying the refund is reversed or modified, said taxes previously paid, together with interest thereon from the date of the filing of the petition in error at the rate of three percent (3%) per annum, shall be refunded to the taxpayer by the Tax Commission.

*Section 2374*

¶ 13 Section 2374 provides for interest at the rate of six percent to be paid "In the case of any refund to a taxpayer as provided in Section 226." Title 68 O.S.1991 § 226(c) creates "a legal remedy and right of action in any state or federal court having jurisdiction of the parties and the subject matter." Section 226(c) expressly allows such actions to be brought "in cases where jurisdiction is vested in any of the courts of the United States." [5]

*Section 225(d)*

¶ 14 Under § 225(d) interest at the rate of three percent per annum is payable on refunds paid after the taxpayer has exhausted his administrative remedies and after appeal to this Court under procedures called for in 68 O.S.1991 § 221. It is undisputed that §§ 225(d) and 221 do not apply here.

*Holt's Suit in the Bankruptcy Court Was Brought under § 226 and Is Governed by the Interest Provisions of § 2374, and Not by Those of § 217(h)*

■ ¶ 15 Holt's tax protest of the Tax Commission's refusal to refund the $88,-624.00 because of the theft loss expressly stated, "This Protest is filed in accordance with 68 O.S. § 226." [6] Despite Holt's express representation in her protest that she was proceeding under § 226, the Tax Commission claims that "she did not notify the Commission of her intention to file suit for recovery of such tax."

■ ¶ 16 The Tax Commission apparently rests its contention that Holt failed to give it timely notice on the theory that Holt had to give such notice when the original returns were filed and the taxes were paid in 1984–87 in order to satisfy § 226(c)'s requirement

that the taxpayer must give notice of her intention to file suit for recovery of the tax "within thirty (30) days of the date of mailing to the taxpayer of an assessment for taxes or additional taxes...." the Tax Commission's argument is unconvincing; were we to accept it, Holt would be entitled to no interest on the refunds for tax years before 1987, because § 217(h), the only interest provision that would apply if § 2374 were unavailable, allows taxpayers interest only on refunds for "tax year 1987 and subsequent tax years." In order to adopt the Tax Commission's interpretation, we would have to decide that the Legislature intended to deprive Holt, and any other taxpayers in her position, of any right to interest for tax years before 1987 without notice or hearing.

¶ 17 We rejected an argument similar to the one the Tax Commission makes here in the predecessor to this action, *Holt v. State ex rel., Oklahoma Tax Commission,* 1997 OK 12, 932 P.2d 1130. In *Holt I* the Tax Commission claimed that the statute of limitations started to run when Holt filed her original returns, despite the fact that she did not know that sale proceeds upon which she paid taxes had been stolen from her. The Tax Commission contended that, with respect to tax years before 1988, § 2375.H.5 prohibited the tolling of the statute of limitations during litigation with the Internal Revenue Service unless the taxpayer and the trial court had agreed to an extension of the statute of limitations.

¶ 18 We rejected the Tax Commission's contention concerning the statute of limitations in *Holt I* for the same reason we reject the Tax Commission's contention concerning interest here: such an interpretation would destroy Holt's vested right to any interest for tax years 1984–86 without giving her

5. 68 O.S.1991 § 226(c), in material part, provides:

(c) This section shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and the subject matter. It shall be construed to provide a legal remedy in the state or federal courts by action at law only in cases where the taxes complained of are claimed to be an unlawful burden on interstate commerce, or the collection thereof violative of any Congressional Act or provision of the

Federal Constitution, or in cases where jurisdiction is vested in any of the Courts of the United States....

6. In her protest, Holt also requested an oral hearing under § 221, but the Tax Commission never set the matter for hearing, all issues were resolved in the bankruptcy court, not the Tax Commission, and the Tax Commission does not dispute that the protest was not prosecuted under § 221.

either an alternative remedy or a grace period. We adopt our holding concerning the interpretation of tax statutes in *Holt I* and hold that it applies here as well.

¶ 19 The Tax Commission claims that because Holt was seeking a refund, rather than resisting the payment "of an assessment of taxes or additional taxes," which is the language of § 226, the remedies of § 226 were not available to her. We disagree.

¶ 20 We hold that the Tax Commission's June 21, 1995 letter denying Holt's claim for refund made in her amended return falls within the meaning of the term "assessment of taxes or additional taxes," as used in § 226(b) to. In Holt's tax protest before the Tax Commission she expressly referred to the Tax Commission's June 21, 1995 letter, and stated that her protest was "filed in accordance with 68 O.S. § 226." During the proceedings before the bankruptcy court and this Court concerning Holt's right to a refund, the Tax Commission never claimed that Holt's protest did not satisfy the notice requirements of § 226(b). Not until it had lost on the merits, and the only remaining issue was Holt's right to interest did the Tax Commission claim that Holt had failed to satisfy the notice requirements of § 226(b).

¶ 21 The Tax Commission claims that our opinion in *Stallings v. Oklahoma Tax Commission*, 1994 OK 99, 880 P.2d 912, supports its claim that Holt failed to satisfy the notice requirements of § 226(b). *Stallings* does not support the Tax Commission's position, however.

¶ 22 In *Stallings* we held that plaintiffs, retired federal civil service employees, had failed to satisfy § 226(b)'s notice requirements because they had paid their taxes without protest and failed to give notice of their intention to file a lawsuit. The plaintiffs in *Stallings*, unlike Holt, knew or should have known of their potential rights when they filed their returns, but voluntarily paid taxes on their retirement earnings anyway.

¶ 23 Here, Holt could not establish her right to a refund until she discovered the theft loss, and won her suit against the Internal Revenue Service. When Holt filed her original returns she mistakenly thought she owed the taxes she had paid on the money that was stolen from her. When she discovered that her money had been stolen Holt immediately filed amended federal returns, and sued the Internal Revenue Service when her claims for refund were denied. After Holt won her suit against the Internal Revenue Service she immediately filed her protest under § 226 and filed her adversary proceeding in bankruptcy court against the Tax Commission. Unlike, the situation we dealt with in *Stallings*, Holt never paid any taxes voluntarily. *Stallings* supports Holt's position, not the Tax Commission's.

¶ 24 For the reasons discussed in this opinion we hold that Holt is entitled under § 2374 to interest at six percent per annum from the date of payment by her of the disputed amounts she had paid to the Tax Commission until the date those amounts were refunded. We therefore answer "yes" to the certified question.

CERTIFIED QUESTION ANSWERED.

¶ 25 KAUGER, C.J., SUMMERS, V.C.J., HODGES, LAVENDER, SIMMS, HARGRAVE, and OPALA, JJ., concur.

¶ 26 ALMA WILSON, J., concurs in part; dissents in part.