W. T. Bill HUGHES, Commissioner of Labor, State of Oklahoma, Plaintiff in Error,

v.

CITY OF WOODWARD, Woodward, Oklahoma, Defendant in Error.

No. 42118.

Supreme Court of Oklahoma.

July 29, 1969.

Charles Nesbitt, Atty. Gen., Robert N. Naifeh, Asst. Atty. Gen., Oklahoma City, for plaintiff in error.

Joseph A. Young, Jr., Municipal Counsellor of City of Woodward, Woodward, for defendant in error City of Woodward.

Harold K. Haxton, County Atty., Woodward, for Board of County Com'rs, Woodward County, Okl.

DAVISON, Justice.

W. T. Bill Hughes, Commissioner of Labor, State of Oklahoma, appeals on the original record from a judgment determining the prevailing hourly wage scale for various described kinds of work performed upon public works in Woodward County, Oklahoma. The appeal presents the question of whether, under the circumstances, the District Court had jurisdiction to render the judgment under any provision of 40 O.S.Supp.1965, § 196.1 to § 196.12, herein referred to as the Act. The validity of the Act from a constitutional standpoint is not questioned.

The Act was passed by the 1965 Legislature for the purpose of providing for payment of the wages prevailing in the area to workmen on public projects. It became effective June 28, 1965.

Pursuant to § 196.6, subd. A of the Act, the Commissioner of Labor, Hughes, in August, 1965, determined the prevailing hourly rate of wages for certain described kinds of work in Woodward County, and on September 30, 1965, he filed a schedule thereof with the Secretary of State. On May 25, 1966, the City of Woodward filed this action or proceeding in the District Court, for the purpose of securing a review and revision of the schedule of prevailing wages, previously determined by the Commissioner of Labor. The City alleged that it had recently sold bonds for the purpose of constructing an addition to an existing hospital, that the determination by the Commissioner of Labor was not supported by any substantial evidence as to the actual prevailing wages in Woodward County. The City attached a schedule of

what it claimed were the actual prevailing wages being paid in the area for the type of workmen needed to construct the hospital. The Board of County Commissioners of Woodward County filed a petition in intervention, alleging a recent sale of bonds for the purpose of erecting Fair Buildings, and asking for the same relief. The Commissioner of Labor filed a demurrer on the ground that the court had no jurisdiction of the subject of the action and, when this was overruled, elected to stand on his demurrer. The trial court then heard testimony and made a determination of the prevailing wage scale, which was less in some categories of work than the determination made by the Commissioner of Labor.

The Commissioner contends that the trial court erred in overruling his demurrer. The basis of this contention is that the City and County failed to exhaust their administrative remedies for a review or revision of the Commissioner's determination of hourly rates of wages and consequently the District Court had no jurisdiction.

The Act, 40 O.S.Supp.1965, § 196.6, subd. A thereof, required the Commissioner, on or about July 1 of each year to investigate and determine the prevailing hourly rate of wages in localities and to file a copy thereof with the Secretary of State and with the Labor department, with copies thereof to be furnished to all persons requesting same within 10 days. As stated above, the Commissioner had made this determination for Woodward County and had filed a copy with the Secretary of State on September 30, 1965.

Section 196.6, subd. B of the Act provides that at any time within 30 days after filing of the determination with the Secretary of State any person affected thereby may file a written objection with the Commissioner, who must within 30 days set the matter for hearing within 60 days from the filing of the objection and give written notice to the objectors at least 10 days prior to the hearing date.

Sections 196.6, subds. C and D of the Act require the Commissioner to hear and make such "final determination" as the evidence warrants and file a copy thereof with the Secretary of State and serve a copy on the parties to the proceeding.

Sections 196.6, subds. E and F of the Act provides any person affected, whether or not such person participated in the proceedings resulting in the "final determination," may have the Commissioner's decision reviewed by filing a copy of the "final determination" in the District Court where the work is to be done, and by filing a petition alleging lack of jurisdiction in the Commissioner or that the determination was not supported by substantial evidence. Any person affected may intervene in the review proceeding before trial. The court may modify such determination, set it aside and remand the matter, or dismiss the appeal.

Section 196.6, subd. G provides that appeals from all final orders and judgments entered by a court in "review of the final administrative decision of the Commissioner" may be taken directly to this court.

The City did not, within 30 days after the copy of the determination was deposited with the Secretary of State, file with the Commissioner a written objection thereto. There was no re-examination by the Commissioner of the original determination and consequently there was no "final determination" to be filed in the District Court and to be reviewed by it. The City did not exhaust the administrative remedies provided by the statute.

■ In Sanders v. Oklahoma Employment Security Commission, 200 Okl. 366, 195 P.2d 272, we held as follows:

"Where an administrative remedy is provided by statute, relief must be sought from the administrative body, and that remedy must be exhausted before the courts will act; exhaustion of the administrative remedy is a jurisdictional prerequisite for resort to the courts."

See also Oklahoma Public Welfare Commission v. State ex rel. Thompson, 187 Okl. 654, 105 P.2d 547, 130 A.L.R. 873.

The County's right to review of the Commissioner's final determination of wage rates, by intervention in the City's action, clearly depends upon whether the trial court had first acquired jurisdiction of the subject matter by the appeal of the City. The County stands in no better position than the City.

The Commissioner discusses the City's right to use the provisions of the Administrative Procedures Act, 75 O.S.Supp.1963, § 301 et seq., to obtain a review of the wage determination before the Commissioner of Labor and the effect of the City's failure to exhaust such administrative remedies.

We need not determine the question of whether the provisions of the Administrative Procedures Act could be used to secure a reexamination of the wage rates before the Commissioner. We have held herein that the statute, Sec. 196.6, of the Act, provided an administrative remedy. In either case the City did not exhaust the administrative remedy.

The City and County construe the Act to provide for review in the District Court without the necessity of a review before the Commissioner and a "final determination" by him. We do not so construe the Act.

■ We conclude that in the present situation the District Court had no jurisdiction to review the Commissioner's determination of prevailing rates, and by reason thereof the trial court erred in not sustaining the demurrer of the petitioner.

However, we have carefully examined the record herein, the Act and its enactment, and the circumstances in which the parties and the lower court were placed. The Act was new in Oklahoma's statutory law. The Act was enacted with the emergency clause and became effective June 28, 1965, with a provision that the Commissioner determine the prevailing wage rates annually on or about July 1 of each year. In August, 1965, the first determination of wage rates in Woodward County was made and was filed with the Secretary of State on September 30, 1965. Within a relatively short time thereafter, but obviously after the expiration of the 30 day period in which to object thereto, the City and County were faced with construction of public projects made possible with the proceeds from bond issues. The parties and the lower court were also faced with the problem of interpreting the provisions of a new law that had not been previously construed by this court.

■ Under the equitable and unusual circumstances in the present case, and because of the uncertainty as to the construction of the Act, we hold that our construction of the Act and our conclusion relative thereto shall, insofar as the City and County are concerned, operate prospectively. Irwin v. Irwin, Okl., 433 P.2d 931.

For the reasons stated, and upon the conditions stated, the judgment is reversed.

IRWIN, C. J., BERRY, V. C. J., and WILLIAMS, BLACKBIRD, HODGES, LAVENDER and McINERNEY, JJ., concur.