LABOR
If the Labor Commissioner, pursuant to 40 O.S. 196.1 [40-196.1], et seq. (1971), determines a wage rate for laborers and craftsmen and the protest period expires without challenge, the Commissioner's deter mination becomes effective. The effective date of the Labor Com missioner's determination is either the expiration of the protest period without a challenge being made or the filing of the Com missioner's final determination based upon the evidence adduced at the prevailing wage hearing. Until such time as a new prevailing wage rate becomes effective, the preceding prevailing wage rate will remain in effect. The Attorney General is in receipt of your request for an opinion wherein you ask, in effect, the following questions: 1. When the Labor Commissioner, pursuant to 40 O.S. 196.1 [40-196.1], et seq. (1971), determines a wage rate for laborers and craftsmen and the protest period expires without challenge, is that the established wage? 2. If a new prevailing wage determination has been made by the Labor Commissioner, and the same filed with the Secretary of State, at what date does the new schedule become effective? 3. During the period between the filing of a prevailing wage schedule and the effective date of that schedule, what prevailing wage schedule is in effect? The Commissioner of Labor is directed by statute to investigate and determine the prevailing hourly rate of wages in the locality. His determination is subject to a review procedure set forth at 40 O.S. 196.6 [40-196.6] (1971). Therein it is provided that within 30 days of the Commissioner's filing of a schedule, parties affected thereby may file objections. If objections are filed, a hearing is held on those objections and the Commissioner makes such final determinations as he believes the evidence warrants. The Commissioner's decision is subject to review by the District Court in the county wherein the work is to be performed. The District Court decision is appealable to the Supreme Court. It is apparent from a reading of the statute that the Legislature intended to provide a method whereby persons affected by the decision could challenge the decision. The thirty-day protest period has been determined by the Supreme Court of Oklahoma to be jurisdictional in the case of Hughes v. City of Woodward, 457 P.2d 787 (Okl. 1969), the Court held that the District Court could not entertain an action on a prevailing wage determination when the protesting party failed to protest within the thirty-day period provided by statute. Although that case did not hold that the thirty-day period was jurisdictional as to the hearing provided for by 40 O.S. 196.6 [40-196.6] clearly the Legislature intended that protests be filed within 30 days or waived. The act further distinguishes between the initial determination of the Commissioner and the "final determination" based upon the hearing, if any. It would be inconsistent for the Legislature to provide for the hearing challenging the determination while allowing the determination to take effect. Only a "final determination" was intended to do so. The Commissioner's determination, therefore, becomes effective upon a happening of either of two events. That is, upon the expiration of a protest period without incident, or upon the Commissioner's filing of his final determination based upon the evidence adduced at the hearing. There being no provision of the Minimum Wages On Public Works Act dealing with stays of administrative orders, the provisions of the Administrative Procedures Act apply. Title 75 O.S. 319 [75-319] (1971), provides that the filing of a proceeding in review does not stay an administrative decision, although the agency or court may order a stay. Therefore, the filing of an action in review of the prevailing wage hearing would not stay the decision absent some type of affirmative action on the part of either the Commissioner of Labor or the Court. 40 O.S. 196.6 [40-196.6] provides for the Commissioner to make the prevailing wage determination annually on or about July 1 of each year, or on any subsequent date thereafter. The legislative intent that there be a prevailing wage schedule in effect at all times is apparent by the provisions of 40 O.S. 196.6 [40-196.6]. It is further supported by the provisions of 40 O.S. 196.5 [40-196.5] (1971) requiring that all contracts for public works must require the payment of the prevailing wage to those individuals involved in the public work projects. Since it cannot be reasonably expected that, at any point in time during the year, public work projects will not be contracted, the legislative intent to have a prevailing wage in effect continuously is clear. The Act does not call for a termination date on the determinations of the Commissioner. The determination will then stay in effect until such time as the Commissioner determines it is no longer the prevailing wage. It is expected that this will occur upon the final determination of a new prevailing wage. It is, therefore, the opinion of the Attorney General that your questions be answered as follows. If the Labor Commissioner, pursuant to 40 O.S. 196.1 [40-196.1], et seq.(1971), determines a wage rate for laborers and craftsmen and the protest period expires without challenge, the Commissioner's determination becomes effective. The effective date of the Labor Commissioner's determination is either the expiration of the protest period without a challenge being made or the filing of the Commissioner's final determination based upon the evidence adduced at the prevailing wage hearing. Until such time as a new prevailing wage rate becomes effective, the preceding prevailing wage rate will remain in effect. (JOSEPH J. REINKE) (ksg)