In the Matter of the Request of HAMM PRODUCTION COMPANY FOR AN EXTENSION OF TIME IN WHICH TO PROTEST PROPOSED GROSS PRODUCTION TAX ASSESSMENTS ISSUED ON JULY 21, 1981.

No. 58057.

Supreme Court of Oklahoma.

Oct. 4, 1983.

Charles Elder, John Mantooth, Elder, Mantooth & Haxel, Purcell, for appellant.

J. Lawrence Blankenship, Gen. Counsel, Joe Mark Elkouri, Asst. Gen. Counsel, Okl. Tax Com'n, Oklahoma City, for appellee.

LAVENDER, Justice:

The issue on appeal is whether the Oklahoma Tax Commission has jurisdiction under 68 O.S.1981 § 221 to grant an extension of time in which to protest a proposed assessment made under 68 O.S.1981 § 221 where the application therefor was filed after the expiration of the thirty days to protest afforded by § 221(c), but within the ninety days discretional period referred to in § 221(f). We hold that failure of the taxpayer to file either its protest or applica-

tion for extension to file its protest within the thirty day period allowed by § 221(c) resulted in the proposed assessment becoming final and the Commission was without jurisdiction thereafter to grant an extension of time in which to file protest under the provisions of § 221(f).

The provisions of § 221 which are pertinent to the issue are as follows:

"(c) Within thirty (30) days after mailing of the aforesaid proposed assessment, the taxpayer may file with the Tax Commission a written protest under oath, . . . ."

"(e) If the taxpayer fails to file a written protest within the thirty (30) days' period herein provided for or within the period as extended by the Commission, then the proposed assessment, without further action of the Tax Commission, shall become final and absolute at the expiration of thirty (30) days from the date same is mailed to the taxpayer or at the expiration of the period as extended by the Tax Commission.

"(f) The Tax Commission may in its discretion extend the time for filing a protest for any period of time not to exceed an additional ninety (90) days."

### FIRST PROPOSED ASSESSMENT

On September 4, 1980, appellee, Oklahoma Tax Commission (Commission), following an audit, mailed notice of a proposed assessment against appellant, Hamm Production Company (Taxpayer), for additional gross production tax, penalties and interest. Within 30 days from September 4, 1980, Taxpayer requested a 90-day extension within which to protest, pursuant to 68 O.S.1981 § 221. The September 4, 1980, proposed assessment was withdrawn by Commission and a new audit instituted.

### SECOND PROPOSED ASSESSMENT

On July 21, 1981, Commission issued Notice of Assessment similar to the first proposed assessment. On November 17, 1981, Taxpayer filed an application with the Commission requesting a 90-day extension of time in which to file a protest, the appli-

cation thus being filed after the expiration of the 30-day period referred to in § 221(c), but within 120 days from the date of the mailing of the notice of proposed assessment.

By order of November 17, 1981, the Commission denied the application for time extension on the basis that it does not have jurisdiction to consider the application. Taxpayer brings this appeal pursuant to 68 O.S.1981 § 225.

■ At the outset, we observe that the timely filing of a protest to the first proposed assessment does not relate to or become a part of the second proposed assessment so as to make taxpayer's purported protest of the second assessment timely by relation back to the first protest. The second proposed assessment must be treated as a new assessment. *Ladd Petroleum Corp. v. Okl. Tax Commission,* Okl., 619 P.2d 602 (604) (1980); *Estate of Kasishke v. Oklahoma Tax Commission,* Okl., 541 P.2d 848 (1975).

We next consider whether the failure to file a protest to a proposed act by an administrative governmental agency which is prejudicial to the rights of the person against whom the proposed act is to be directed within the time authorized by statute for the filing of a protest is jurisdictional and thereby preclusive of an appeal to this Court from the adverse effect of the proposed act.

Sub-section "(e)" clearly prescribes that failure to file timely protest to the proposed assessment results in the assessment becoming final and absolute at the expiration of the allowed protest period. Therefore, in the absence of any constitutional inhibition, if it be determined that no timely protest was filed, no further inquiry as to the validity or propriety of the assessment can be made. In the case of *State v. Emergency Physicians, Inc.,* Okl., 631 P.2d 743 (744–745) (1981), this Court considered the jurisdictional effect of a failure to file an appeal from a determination by the Oklahoma Employment Security Commission under the Oklahoma Employment Security Act (40

O.S.1971 § 211, et seq.) within the time specified in § 224(g) of that act for the filing of a notice of intention to appeal. We held that the time limitation provisions of the act are jurisdictional. After reviewing prior decisions of this Court and other authorities, we held:

"What we have before us is a petition for judicial review of an order of an administrative board. The procedural requirements for appeal are mandatory and must be complied with before [an appellate] court can acquire jurisdiction for review. Where as here the statute requires that a proceeding to review an administrative body's decision shall be commenced within a specified period, timely filing is jurisdictional."

In applying the foregoing rule, no distinction can be drawn between statutory time limitations *for the filing of an appeal* and statutory time limitations *for the protest* of an administrative agency determination. *Hughes v. City of Woodward*, Okl., 457 P.2d 787 (789) (1969). In either case, the doctrine of exhaustion of administrative remedies requires that where a remedy before an administrative agency is provided, relief must be sought by exhausting this remedy before the courts will act. 2 Am.Jur.2d Administrative Law § 595.

Appellant asserts that the mailed notice which triggered the running of the time limitation on its protest arrived at a time when its president and sole executive and controlling officer was on an annual three weeks' vacation. That upon the officer's return the press of other business required his attention so that the significance of the notice did not come to his attention, resulting in delay in filing a protest. Appellant further points out that failure of the notice to state how the amount of the tax was determined made compliance with § 221(c) difficult. These matters, however, relate to the merits of the application for an extension of time in which to file protest, and not to the jurisdiction of the Commission to consider the application. No impossibility of filing a protest within the initial thirty day period statutorily allowed by § 221(c)

and discretionally extended for an additional ninety days by § 221(f) is suggested, and none is perceived by this Court. The inadvertence of the Taxpayer and the suggested difficulty of compliance without evidence in support thereof fall short of raising an issue of minimal procedural due process guaranteed by the Constitution. In *State ex rel. Okl. Tax Com'n v. Estate of Hewett*, Okl., 621 P.2d 542 (544) (1980), we followed *Fuentes v. Shevin*, 407 U.S. 67, 92 S.Ct. 1983, 32 L.Ed.2d 556 (1972), and quoted the following language therefrom:

"For more than a century the central meaning of procedural due process has been clear: 'Parties whose rights are to be affected are entitled to be heard; and in order that they may enjoy that right they must first be notified.' .... It is equally fundamental that the right to notice and opportunity to be heard 'must be granted in a meaningful time and in a meaningful manner.' "

The minimal requirements of due process of an assessment of omitted property is set forth in 72 Am.Jur.2d State and Local Taxation § 789, in the following language:

"Due process of law requires that somewhere during the course of the process of an assessment of omitted property the taxpayer have an opportunity to be heard upon the question as to the validity and amount of tax levied upon the omitted property."

Such an opportunity is here afforded.

Having determined that taxpayer's failure to file a timely protest divests the Commission of jurisdiction to extend the time in which to protest the proposed tax assessment and of this Court's jurisdiction to review the action of the Commission, we finally consider whether failure to protest within the thirty days afforded by § 221(c) precludes the Commission's discretionary power to extend the time for protest under the provisions of § 221(f). When the intent of the legislature is plainly expressed in a statute, it must be followed without further inquiry. *Estate of Kasishke v. Oklahoma Tax Commission, supra,* (851), *Special Indemnity Fund v. Harold,*

Okl., 398 P.2d 827 (1965). Statutes must be interpreted to render every word and sentence operative, rather than in a manner which would render a specific statutory provision nugatory. *State ex rel. Thompson v. Ekberg,* Okl., 613 P.2d 466 (1980); *In re Supreme Court Adjudication, etc.,* Okl., 597 P.2d 1208 (1979).

The constructional sequence of the pertinent part of § 221 is more clearly disclosed by reversing the order of sub-sections (f) and (e), so that the language in question is as follows:

"(c) Within thirty (30) days after mailing of the aforesaid proposed assessment, the taxpayer may file with the Tax Commission a written protest under oath, . . . ."

"(f) The Tax Commission may in its discretion extend the time for filing a protest for any period of time not to exceed an *additional* ninety (90) days.

"(e) If the taxpayer fails to file a written protest within the thirty (30) days' period herein provided for or within the period as extended by the Commission, then the proposed assessment, without further action of the Tax Commission, shall become final and absolute at the expiration of thirty (30) days from the date same is mailed to the taxpayer or at the expiration of the period as extended by the Tax Commission." (Emphasis added.)

Taxpayer contends that sub-section (f) authorizes the Commission to extend the time for filing a protest not to exceed ninety days notwithstanding the fact that taxpayer has made no request for an extension of time during the first thirty days following issuance of the notice of the proposed assessment. Such a construction would render sub-section (c) nugatory and ineffectual, giving the Commission discretion to grant an extension of time not to exceed ninety days from issuance of notice, or in the alternative would give the Commission a discretionary right to grant an extension of up to 120 days from the issuance of the notice. If either construction were intended, we think the legislature would have said

so in unequivocal terms. Rather, we believe and hold that the legislative intent clearly expressed in the statute is that a failure to protest during the initial thirty day period precludes the Commission from granting additional time thereafter. This construction is made manifest by the word "additional" in sub-section (f). The term "additional" embraces the idea of joining or uniting one thing to another, so as thereby to form one aggregate. Black's Law Dictionary, Fifth Edition. Webster's New Collegiate Dictionary, Eighth Addition, defines the word as meaning, "Existing by way of addition; Added." The ninety days referred to in sub-section (f) is clearly therefore added onto the thirty days referred to in sub-section (c), and applies only if the condition for obtaining the first thirty day time extension has been met. To hold otherwise would simply make sub-section (c) a meaningless appendage and give the Commission discretion to extend the time up to 120 days from the issuance of notice in which to file a protest.

It should be noted that the record of this cause does not support Taxpayer's assertion that it was lulled into a false feeling of security by actions of the Tax Commission and that therefore it should be excused from timely filing its protest.

Having determined that the Commission and this Court on review have no jurisdiction over an application to extend the time for filing a protest after the Taxpayer failed to file within the first thirty days, we have no jurisdiction to review the merits of the proposed assessment, and the order of the Commission is affirmed.

BARNES, C.J., and IRWIN, HODGES, DOOLIN, HARGRAVE, OPALA, and WILSON, JJ., concur.

SIMMS, V.C.J., dissents.