Dear Director Dodd,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following questions:
1. May law enforcement agents of the Oklahoma State Bureau ofNarcotics and Dangerous Drugs Control ("OBNDD") drive Statevehicles for personal use?
2. Is it legally permissible to transport family members in aState vehicle issued to an OBNDD agent?
 INTRODUCTION
¶ 1 Your questions concern the proper use of State vehicles by law enforcement officers. Additionally, your letter described specific types of State vehicle use in which OBNDD agents are currently participating. The following discussion will respond to both questions stated above and the specific circumstances described in your letter.
 I. Personal Use of State Vehicles
¶ 2 Title 47 O.S. 1991, § 156.1[47-156.1], while generally prohibiting personal use of State vehicles, specifies certain exceptions to the general prohibition. Section 156.1 provides, in part:
 A. It shall be unlawful for any state official, officer, or employee, except any essential employees approved by the Governor and those officers or employees authorized in subsection B of this section, to ride to or from his place of residence in a state-owned automobile, truck, or pickup, except in the performance of his official duty, or to use any such automobile, truck, ambulance, or pickup for other personal or private purposes. . . .
B. . . . .
 2. Any employee of . . . [the] Oklahoma State Bureau of Narcotics and Dangerous Drugs Control, . . . who is a law enforcement officer may be permitted to use a state-owned vehicle to provide transportation between his residence and his assigned place of employment and between his residence and any location other than his assigned place of employment to which he travels in the performance of his official duty.
¶ 3 The fundamental principle of statutory construction is to ascertain the underlying legislative intent through an examination of the statute's language. See, e.g., Fuller v.Odom, 741 P.2d 449 (Okla. 1987). Where the intent of the Legislature is plainly expressed in the statute, it must be followed without further inquiry or statutory construction. See,e.g., In re Request of Hamm Production Co., 671 P.2d 50 (Okla. 1983); Hughes Drilling Co. v. Morgan, 648 P.2d 32 (Okla. 1982). It is presumed the Legislature, in the statute, said what it meant and meant what it said. Darnell v. Chrysler Corp.,687 P.2d 132 (Okla. 1984).
¶ 4 Section 156.1 is straightforward. It clearly prohibits any personal use of State vehicles except as provided in subsection B or as specially authorized by the Governor.
¶ 5 Subsection B distinguishes between law enforcement officers and other State employees. OBNDD issues vehicles to its Agents and Chief Agents, each being a law enforcement officer.[1]
Pursuant to Section 156.1(B)(2), law enforcement officers may drive State vehicles between their residence and place of employment. Additionally, a law enforcement officer may drive State vehicles between his residence and any other location "to which he travels in the performance of his official duty."
¶ 6 A law enforcement officer is not on "official duty" during the time he commutes between his residence and office. Section 156.1(B)(1) does not apply to a law enforcement officer's use of a State vehicle. Section 156.1(B)(2), however, specifically authorizes a law enforcement officer's use of a State vehicle for his personal commute.
¶ 7 Your request stated that although Agents are expected to be ready for rapid deployment at all times, they are not prohibited from participating in personal activities while on duty during the weekend. Pursuant to Section 156.1(B)(2), if Agents are performing an official duty during the weekend, they may use a State vehicle. If Agents are engaging in a personal activity other than commuting to and from work, Section 156.1 prohibits the use of a State vehicle.
 II. Transportation of Family Members in State Law Enforcement Vehicles
¶ 8 Your second question is whether it is legally permissible to transport family members in State vehicles driven by OBNDD Agents.
¶ 9 As stated above, an OBNDD law enforcement officer may drive a State vehicle in two instances: i) while on official duty; and ii) between his place of employment and residence regardless of whether he is on official duty. Obviously, the predominant purpose for the law enforcement exception in Section 156.1(B)(2) is to provide twenty-four (24) hour readiness to law enforcement officers who may be called upon at any time to respond to emergencies.[2]
¶ 10 Although an OBNDD Agent may not be on "official duty" while travelling to and from his home, the Agent is acting within the scope of his employment by driving the State vehicle to and from his home because the travel in the vehicle is required by OBNDD.[3]
¶ 11 In your letter, you have specifically asked whether OBNDD Agents may use their State vehicle to transport their children to and from school or day care. Although this transportation can only be characterized as the personal use of a State vehicle, the issue is whether this personal transportation falls within the travel exception granted law enforcement officers in Section 156.1(B)(2).
¶ 12 While Section 156.1, together with Sections 154 and 159.7, generally prohibits any personal use of a State vehicle, Section 156.1 specifically excepts law enforcement officers from this general prohibition by allowing a State vehicle to be driven between the officer's residence and office.[4] The specific provisions of Section 156.1 control the general provisions of Sections 154, 159.7 and 156.1.
 [It] is a long-standing rule of construction in this jurisdiction that where there are two statutory provisions, one of which is special and clearly includes the matter in controversy, and prescribes different rules and procedures from those in a general statute, the special statute and not the general statute applies.
Southwestern Bell Telephone Co. v. Oklahoma Co., 618 P.2d 915,919 (Okla. 1980).
¶ 13 Section 156.1(B)(2) specifically allows an OBNDD Agent to use a State vehicle to commute to and from the office. If the Agent is not on official duty during this commute time, the travel is the statutorily authorized personal use of a State vehicle and the risks associated with the Agent's law enforcement duties are nonexistent. Therefore, provided the Agent is not on official duty, and the Agent is travelling between his office and his residence, the Agent would not be violating Section 156.1 by allowing a family member to ride in the vehicle. The transportation of the family member is job related and necessary in that it is essential that OBNDD Agents have access to transportation twenty-four (24) hours a day.
¶ 14 It is, therefore, the official Opinion of the AttorneyGeneral that pursuant to 47 O.S. 1991, § 156.1[47-156.1]:
1. An OBNDD law enforcement officer may drive a State vehiclefor personal transportation between his office and residence.
2. An OBNDD law enforcement officer may drive a State vehiclebetween his residence and any other location provided he is onofficial duty.
3. Family members may be transported in an OBNDD law enforcementofficer's State vehicle if the travel occurs in conjunction withthe officer's off-duty commute between his office and residence.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
GRETCHEN ZUMWALT KENNEDY ASSISTANT ATTORNEY GENERAL
[1] Unless the OBNDD employee is a "law enforcement officer," Section 156.1(B)(1) applies. Pursuant to Section 156.1(B)(1), in order for a non-law enforcement employee to drive a State vehicle between the office and his residence, that employee mustregularly receive emergency telephone calls at his residence.
[2] This Opinion does not attempt to discuss the scope of employment of an OBNDD Agent or all circumstances when an Agent is on or off "official duty."
[3] Provided a State employee is acting within the scope of his employment, the State employee is covered by the Oklahoma Governmental Tort Claims Act, 51 O.S. 1991, §§ 151[51-151] et seq.
[4] Title 47 O.S. 1991, § 154[47-154] provides: "It shall be unlawful for any person to drive any State owned automobile, on any street or highway within this State, for any purpose other than in the performance of the duties of such person as an officer or employee of the State of Oklahoma." Title 47 O.S. 1991, § 159.7[47-159.7]
provides: "No person shall drive, operate or use, or authorize or permit any person to drive, operate or use, any automobile, motor truck, or other motor vehicle owned by the state for any private purpose."