Dear Senate Williams,
¶ 0 This office has received your letter asking for an official Opinion addressing, in effect, the following questions:
1. Does the Oklahoma Real Estate License Code or do theadministrative rules of the Oklahoma Real Estate Commissionprohibit a real estate licensee from truthfully advertising anassociation with a private professional real estateorganization?
2. If the first question is answered in the negative, does theOklahoma Real Estate License Code or do the administrative rulesof the Oklahoma Real Estate Commission prohibit real estatelicensees from suggesting in such advertising that associationwith a private professional real estate organization betterequips the licensee to serve a client's interests?
3. If any part of the second question is answered in theaffirmative, does the Oklahoma Real Estate License Code or do theadministrative rules of the Oklahoma Real Estate Commission asapplied, violate the provisions of the United States Constitutionor Oklahoma Constitution?
 I.
¶ 1 A general review of the Oklahoma Real Estate License Code ("the Code"), 59 O.S. 1991, §§ 858-102[59-858-102] et seq., indicates that the Oklahoma Legislature has granted the Oklahoma Real Estate Commission (the "Commission") express power to investigate and sanction various business transactions of Oklahoma real estate licensees upon a showing of "good cause." 59 O.S.Supp.1994, § 858-312[59-858-312].
¶ 2 Enumerated within section 858-312 of the Code are several acts or conduct which, if performed by real estate licensees, constitute cause for which sanctions may be imposed by the Commission. Two of the enumerated acts or conduct listed in section 858-312 specifically address licensee advertising. Section 858-312 provides in pertinent part:
 Cause shall be established upon the showing that any licensee has performed, is performing, has attempted to perform, or is attempting to perform any of the following acts:
. . . .
 2. Making substantial misrepresentations or false promises in the conduct of his business, or through agents, sales associates, or advertising, which are intended to influence, persuade, or induce others;
. . . .
 20. Advertising to buy, sell, rent, or exchange any real estate without disclosing that he is a real estate broker or real estate associate. . . .
¶ 3 A third enumerated act or conduct listed in section 858-312 of the Code may also be viewed to address licensee advertising based upon the "catch-all" nature of the language utilized. Specifically, subsection 8 of Section 858-312 provides:
 8. Any other conduct which constitutes untrustworthy, improper, fraudulent, or dishonest dealings. . . .
¶ 4 The Code further provides that the Commission shall have the authority "[t]o prescribe such rules . . . as it may deem necessary or expedient in the performance of its duties. . . ."59 O.S.Supp. 1994, § 858-208[59-858-208](1).
¶ 5 A review of the present Oklahoma Real Estate Commission Rules (the "Rules") indicates that the Commission has promulgated an administrative rule which addresses advertising requirements and prohibitions for real estate licensees in Oklahoma. Specifically, Oklahoma Administrative Code ("OAC") Section605:10-9-4(a), provides in pertinent part:
 (1) A principal broker, when advertising real estate, must use his/her business trade name or the name under which the broker is licensed. The advertisement must indicate that the party is a real estate broker and not a private party, to include, but not limited to, "agent", "agency", "company", "realty", or "real estate", as the case may be. Legal abbreviations following the trade name or name under which the broker is licensed shall be acceptable as long as they are easily identifiable by the public as such.
 (2) No real estate advertisement shall show only a post office box number, telephone number or street address.
 (3) Each principal broker when operating under a franchise trade name shall clearly reveal in all office identification and in all advertising other than institutional type advertising designed to promote a common name, that he/she is the person who owns the entity using such franchise trade name. All institutional type franchise advertising shall indicate that each office is independently owned and operated.
. . . .
 (5) Any advertising in any media which is misleading or inaccurate in any material fact or in any way misrepresents any property, terms, values, services, or policies is prohibited.
¶ 6 From a review of the Commission's Rules and the Code, it is evident that neither set of regulatory provisions specifically addresses the subject matter of your inquiry. Therefore, in order to determine whether an Oklahoma real estate licensee may truthfully advertise an association with a private professional real estate organization, a construction of the applicable provisions of the Rules and the Code is necessary.
¶ 7 In construing a statute, the cardinal rule is to ascertain the intent of the Legislature by considering the language of the statute as a whole in light of its general purpose and objective.Wood v. Independent School District No. 141 of PottawatomieCounty, 661 P.2d 892, 893 (Okla. 1983). When the intent of the Legislature is plainly expressed in a statute, it must be followed without further inquiry or statutory construction. Inre Request of Hamm Production Co., 671 P.2d 50, 52 (Okla. 1983);Hughes Drilling Co. v. Morgan, 648 P.2d 32, 35 (Okla. 1982). Legislative silence, when it has authority to speak, may be considered as giving rise to implication of legislative intent.City of Duncan v. Bingham, 394 P.2d 456 (Okla. 1964).
¶ 8 From a review of the plain language found in Section 858-312 of the Code and Section 605:10-9-4 of the Rules, it is readily apparent that the Legislature and the Commission have attempted to protect Oklahoma real estate consumers and preserve the integrity of the real estate profession by prohibiting all real estate advertising which contains misrepresentations, false promises, misleading statements or inaccuracies. Both the Code and the Rules expressly require full and accurate disclosure of the material aspects of a real estate licensee's business activities, including the use of trade names and franchise names.
¶ 9 However, as stated above, neither the Code nor the Rules contains express provisions which address the issue of whether a licensee may advertise his or her membership in private professional real estate organizations. Such legislative and administrative silence regarding licensee membership in these organizations, considered in light of the plain language of the Code and Rules regarding truthfulness in licensee advertising, may be fairly implied to indicate that any advertising regarding such membership is wholly permissible so long as it is truthful and contains no misrepresentations. City of Duncan v. Bingham,394 P.2d at 456.
¶ 10 Accordingly, in answer to your first question, neither the Oklahoma Real Estate License Code nor the Oklahoma Real Estate Commission Rules prohibits an Oklahoma real estate licensee from truthfully advertising an association with a private professional real estate organization.
 II.
¶ 11 Because the response to your first question was answered in the negative, we can now address your second question. That inquiry essentially asks whether a real estate licensee, who advertises membership in a private professional real estate organization, may assert in advertising that association with such an organization enables the licensee to better serve prospective clients than a licensee who is not a member of the same private professional organization.
¶ 12 It is a well-established principle in American jurisprudence that "[t]ruthful advertising related to lawful activities is entitled to the protections of theFirst Amendment." In re R.M.J., 455 U.S. 191, 203, 102 S.Ct. 929,71 L.Ed.2d 64 (1982). Commercial speech that is not false, deceptive, or misleading can be restricted, but only if the state shows that the restriction directly and materially advances a substantial state interest in a manner no more extensive than necessary to serve that interest. Central Hudson Gas ElectricCorp. v. Public Service Comm'n of N.Y., 447 U.S. 557, 566,100 S.Ct. 2343, 65 L.Ed.2d 341 (1980). Only false, deceptive, or misleading commercial speech may be banned. Zauderer v. Officeof Disciplinary Counsel of Supreme Court of Ohio, 471 U.S. 626,638, 105 S.Ct. 2265, 85 L.Ed.2d 652 (1985). Mere speculation or conjecture by the state regarding the effects of the speech will not suffice; rather the state "must demonstrate that the harms it recites are real and that its restriction will in fact alleviate them to a material degree." Edenfield v. Fane, 507 U.S. ___,113 S.Ct. 1792, 1795, 123 L.Ed.2d 543 (1993).
¶ 13 As set forth hereinabove, Section 858-312(8) of the Real Estate Code provides that the Real Estate Commission may sanction those licensees who engage in conduct which is "untrustworthy, improper, fraudulent, or dishonest. . . ." Similarly, Section605:10-9-4(a)(5) of the Rules prohibits "[a]ny advertising in any media which is misleading or inaccurate in any material fact or in any way misrepresents any . . . services. . . ."
¶ 14 As a general proposition, whether certain licensee conduct is fraudulent or dishonest is a question of fact that can only be determined by the Commission on a case-by-case basis pursuant to its quasi-judicial authority under the Code (59 O.S.Supp. 1994,§ 858-208[59-858-208]); the Rules (OAC 605:10-17-3); and the Oklahoma Administrative Procedures Act (75 O.S. 1991, § 309[75-309]).
¶ 15 Likewise, whether licensee advertising which suggests that association with a private professional real estate organization better enables the licensee to serve prospective clients than a competitor licensee who is not a member of the same private professional organization, is also a factual question which may only be addressed by the Commission on a case-by-case basis.
¶ 16 In order to determine whether such advertising by a real estate licensee is prohibited under the Code or the Rules, the Commission must determine whether a licensee's commercial speech regarding the purported ability to offer enhanced client services based upon association with a private professional organization is truthful or misleading.
¶ 17 The Commission should consider all tangible benefits that such an association might offer a licensee, including continuing education, standards of conduct and ethics, and available market research, while bearing in mind the constitutional guidelines prescribed above.
¶ 18 Thus, because your second question requires a factual determination as to whether certain advertising by a licensee is truthful or misleading, and, as described above, such a determination can only be made by the Commission on a case-by-case basis, this office cannot officially opine as to that inquiry.
 III.
¶ 19 In that your second question cannot be answered for the reason that it requires a factual determination by the Commission on a case-by-case basis, this office cannot render an opinion regarding the constitutional issues posed in your third question for the same reason. However, as alluded to hereinabove, we must strongly reiterate that in considering whether to restrict licensee advertising for any reason, the Commission must bear in mind that the state's burden in regulating commercial speech is not slight. Ibanez v. Florida Board of Accountancy,
512 U.S. ___, 114 S.Ct. ___, 129 L.Ed.2d 118 (1994).
¶ 20 The "free flow of commercial information is valuable enough to justify imposing on would-be regulators the costs of distinguishing the truthful from the false, the helpful from the misleading, and the harmless from the harmful." Zauderer, at471 U.S. 646. A state board's regulation of commercial speech must be compatible with the federal Constitution'sFirst Amendment and will not be sustained if it provides "only ineffective or remote support for [its] purpose," Edenfield,
507 U.S. ___, 113 S.Ct. at 1800, or unsupported assertions insufficient to justify a prohibition against the protections which are to be afforded commercial speech. See, Zauderer, at471 U.S. 648-649.
¶ 21 Finally, and most relevant regarding the facts in your question, the Commission should heed the words of the United States Supreme Court in Peel v. Attorney Registration andDisciplinary Commission of Illinois, 496 U.S. 91,110 S.Ct. 2281, 110 L.Ed.2d 83 (1990), wherein the Court stated:
 The Commission's concern about the possibility of deception in hypothetical cases is not sufficient to rebut the constitutional presumption favoring disclosure over concealment. . . . We prefer to assume that the average consumer, with or without knowledge of the profession, can understand a statement that certification by a national
organization is not certification by the State, and can decide what, if any, value to accord this information.
 ¶ 22 Therefore, it is the official Opinion of the AttorneyGeneral that:
1. Neither the Oklahoma Real Estate License Code nor theadministrative rules of the Oklahoma Real Estate Commissionprohibit an Oklahoma real estate licensee from truthfullyadvertising an association with a private professional realestate organization.
2. Whether the Oklahoma Real Estate License Code or theadministrative rules of the Oklahoma Real Estate Commissionprohibit a real estate licensee from suggesting in advertisingthat an association with a private professional real estateorganization better enables the licensee to serve prospectiveclients than a competitor licensee who is not a member of thesame organization, is a question of fact which must be determinedby the Commission on a case-by-case basis.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
BARRY K. KOONCE ASSISTANT ATTORNEY GENERAL