Dear Director Fields,
¶ 0 This office has received your request for an official Opinion asking, in effect, the following question:
1. Does the Secretary of Security and Safety fall within themeaning of the term "other necessary prison officials" who may bepresent at an execution as provided in 22 O.S. Supp. 1996, §1015(B)?
2. If the Secretary of Security and Safety does not fall withinthe intended meaning of the term "other necessary prisonofficials," is that individual permitted to be present at anexecution of a convicted defendant?
¶ 1 In order to properly respond to your question, it is necessary to review the applicable statutes authorizing the attendance of executions in Oklahoma. The applicable statute is found at 22 O.S. Supp. 1996, § 1015[22-1015], which provides in pertinent part:
 B. The judgment of execution shall take place at the direction of the warden of said state prison and the warden must be present along with other necessary prison officials at the execution and must invite the presence of a physician and the district attorney, judge who presided at the trial, chief of police of the municipality in which the crime occurred, if applicable, and sheriff of the county wherein the conviction was had, to witness the execution; and he shall, at the request of the defendant, permit the presence of such ministers of the defendant's choice, not exceeding two, and any persons, relatives or friends, not to exceed five, as the defendant may name; provided, reporters from recognized members of the news media will be admitted upon proper identification, application and approval of the warden.
 C. A place shall be provided within the walls of the state prison at McAlester so that individuals who are eighteen (18) years of age or older and who are members of the immediate family of any deceased victim of the defendant may witness the execution. The immediate family members shall be allowed to witness the execution from an area that is separate from the area to which other witnesses are admitted. If facilities are not available to provide immediate family members with a direct view of the execution, the Department of Corrections may broadcast the execution by means of a closed circuit television system to the area in which the immediate family members are located.
 D. No other person than those mentioned in this section can be present at the execution.
 E. As used in this section, "members of the immediate family" means the spouse, a child by birth or adoption, a stepchild, a parent, a grandparent or a sibling of the deceased victim.
22 O.S. Supp. 1996, § 1015[22-1015] (emphasis added).
¶ 2 In construing a statute, the fundamental rule is to determine and give effect to the legislative intent. Jackson v.Independent School District No. 16 of Payne County, 648 P.2d 26,29 (Okla. 1982). Where the intent of the Legislature is clearly expressed in the statute, it must be followed without further inquiry or statutory construction. In re Request of HammProduction Co., 671 P.2d 50, 52 (Okla. 1983).
¶ 3 As indicated by the express language of Section 1015, only certain individuals are permitted to be present at the execution of a convicted defendant in Oklahoma. While the statute clearly describes certain individuals by virtue of their profession or position within state government, the statute fails to define the term "other necessary prison officials," whose attendance is also required.
¶ 4 It is the fundamental rule of statutory construction that statutory words are to be understood in their ordinary sense, except when contrary intention plainly appears. 25 O.S. 1991, §1[25-1]; Riffe Petroleum Company v. Great National Corporation,614 P.2d 576 (Okla. 1980). The term "necessary" is defined as meaning "essential . . . compulsory . . . absolutely needed . . . required." Webster's New Collegiate Dictionary 761 (1981). Official is defined as "one who holds or is invested with an office," Webster's New Collegiate Dictionary 790 (1981).
¶ 5 Under Oklahoma law a cabinet Secretary for Security and Safety does not, by virtue of that position, fall within the ordinary meaning of a "prison official." The Secretary of Security and Safety is a cabinet position created by the Governor pursuant to his power to create a cabinet through executive order under to 74 O.S. 1991, § 10.3[74-10.3](A). As we stated in Attorney General Opinion 96-31 "the authority of the Governor to issue executive orders, while not flowing directly from the Oklahoma Constitution, is recognized in the law." However, "the Governor may not exercise legislative power by means of an executive order." A.G. Opin. 88-32.
¶ 6 Section 1015 clearly envisions the term "necessary prison officials" as those state corrections officers who are needed to carry out the tasks attendant to the physical act of carrying out an execution. Such a requirement under the statute would require those prison employees whose attendance was absolutely necessary in order to effectuate the execution. As stated in Section 1015(D), no other persons other than those mentioned expressly by the statute may be present at the execution of a convicted Oklahoma defendant. Under Section 1015 other officials may be necessary to the administration of a judgment of death, but would not be necessary to the actual carrying out of an execution. These individuals would include certain members of the Board of Corrections and even the Attorney General.
¶ 7 The Governor, through an executive order creating a cabinet secretary position cannot supersede the plain intent of the Legislature regarding specific legislation. The only other means by which the Secretary of Security and Safety could attend such an execution under the plain language of the statute would be at the request of the defendant. 22 O.S. Supp. 1996, § 1015[22-1015](B).
¶ 8 It is, therefore, the official Opinion of the AttorneyGeneral that:
1. The Secretary of Security and Safety, by virtue of thatposition, is not included within the meaning of the term "othernecessary prison officials" who may be present at an execution asprovided in 22 O.S. Supp. 1996, § 1015(B).
2. The Secretary of Security and Safety, by virtue of thatposition, is not permitted to be present at an execution of aconvicted defendant unless specifically requested by thedefendant.
W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
BARRY K. KOONCE ASSISTANT ATTORNEY GENERAL