Dear Director Nelson,
¶ 0 This office has received your request for an Attorney General Opinion in which you ask, in effect, the following questions:
 In a city with a strong-mayor-council form of government, may the mayor appoint himself as a peace officer of that municipality?
 If so, for purposes of certified law enforcement training, would that person be designated a "full-time" officer or a "reserve" officer?
¶ 1 Your questions arise from situations in which mayors of cities with a strong-mayor-council form of government appoint themselves as police chiefs, police commissioners, or police officers. Whenever an office holder serves in two positions, the issue of dual office holding is raised. Before discussing the issue of dual office holding, however, a brief discussion of the strong-mayor-council form of city government is necessary.
 I.
¶ 2 The strong-mayor-council form of city government is provided by 11 O.S. 1991 and Supp. 1997, § 11-101 through § 11-125. Under this form of city government, the mayor is the chief executive officer and head of the administrative branch of government. Pursuant to 11 O.S. 1991, § 11-106[11-11-106], the mayor has the authority to appoint "all heads or directors of administrative departments and all other administrative officers and employees." Further, 11 O.S. 1991, § 11-107[11-11-107] provides:
 The mayor may appoint himself, or the council or other authority may elect or appoint him, to other offices and positions in the city government, subject to regulations as the council may prescribe; but he may not receive compensation for service in such other offices and positions. The council may provide that the mayor shall hold ex officio designated administrative offices subordinate to the mayor as well as other designated compatible city offices.
¶ 3 Standing alone, this statute allows a mayor to appoint himself to other offices (subject to the council's regulations) provided no compensation is received by the mayor. Generally however, an office holder is prohibited from concurrently holding two offices. Title 51 O.S. Supp. 1997, § 6[51-6] provides in pertinent part:
 Except as may be otherwise provided, no person holding an office under the laws of the state and no deputy of any officer so holding any office shall, during the person's term of office, hold any other office or be the deputy of any officer holding any office, under the laws of the state. The provisions of this section shall not apply to:. . . .
51 O.S. Supp. 1997, § 6[51-6](A) (emphasis added).
¶ 4 Accordingly, since it is "otherwise provided" by 11 O.S.1991, § 11-107[11-11-107] that a mayor may appoint himself to other offices provided no compensation is paid, the general prohibition against dual office holding does not apply.
 II.
¶ 5 Since the mayor of a strong-mayor-council form of city government may appoint himself a peace officer but not receive any salary for such services, you have asked whether that person would be designated a "full-time" officer or a "reserve" officer for certified law enforcement training purposes.
¶ 6 As discussed in Attorney General Opinion 95-74, "Oklahoma law recognizes two broad categories of law enforcement officers: (1) police or peace officers and (2) reserve officers or deputies." Title 11 O.S. Supp. 1997, § 34-101[11-34-101](B) provides that in cities of less than 200,000 people, reserve municipal police officers may not serve not more than one hundred ten (110) hours per calendar month and in cities of 200,000 or more people, reserve municipal police officers may not serve more than one hundred forty (140) hours per calendar month.
¶ 7 Section 3311(D)(5) of Title 70 defines peace officer for training purposes as follows:
 For purposes of this section, a police or peace officer is defined as a full-time duly appointed or elected officer who is paid for working more than twenty-five (25) hours per week and whose duties are to preserve the public peace, protect life and property, prevent crime, serve warrants, and enforce laws and ordinances of this state, or any political subdivision thereof[.]
70 O.S. Supp. 1997, § 3311[70-3311](D)(5) (emphasis added).
¶ 8 Section 3311(D) of Title 70 also sets forth the requirements for training law enforcement officers, including both police or peace officers and reserve officers or deputies. This section requires that no person shall be certified as a police or peace officer until certain requirements are met. 70O.S. Supp. 1997, § 3311[70-3311](D)(2). The minimum training requirements for both police officers and reserve officers are set forth as follows:
 No person shall be certified as a police or peace officer in this state unless the employing agency has reported to the Council . . . and the Council has determined that such person has satisfactorily completed a basic police course of not less than one hundred twenty (120) hours of accredited instruction for reserve police officers and reserve deputies and not less than three hundred (300) hours for full-time salaried police or peace officers from the Council or curriculum or course of study approved by the Council.
70 O.S. Supp. 1997, § 3311[70-3311](D)(2).
¶ 9 The cardinal rule of statutory construction is to ascertain the legislative intent through an examination of the statute's language. Grand River Dam Authority v. State, 645 P.2d 1011,1018 (Okla. 1982). When the intent of the Legislature is plainly expressed in a statute, it must be followed without further inquiry or statutory construction. See, e.g., In re HammProduction Company, 671 P.2d 50, 52 (Okla. 1983); HughesDrilling Company v. Morgan, 648 P.2d 32, 35 (Okla. 1982). It is presumed the Legislature, in the statute, said what it meant and meant what it said. Fuller v. Odom, 741 P.2d 449, 453 (Okla. 1987).
¶ 10 For purposes of training requirements, a police or peace officer is defined as a full-time, paid officer. A full-time, paid police or peace officer must receive not less than three hundred (300) hours of instruction. On the other hand, if the peace officer is not paid, he cannot be classified as a full-time police or peace officer for training purposes. Rather, those unpaid peace officers are "reserve" police officers and must receive not less than one hundred twenty (120) hours of instruction. 70 O.S. Supp. 1997. § 3311(D)(2). In the event a peace officer or reserve police officer does not meet these minimum training requirements within one (1) year from the date of appointment or taking office, the officer must forfeit the position. 70 O.S. Supp. 1997. § 3311(D)(3). If that person does not meet the requirements of the statute and refuses to forfeit the position, the district attorney shall file the proper action to cause a forfeiture of the position. Id.
 ¶ 11 It is, therefore, the official Opinion of the AttorneyGeneral that:
 In a city with a strong-mayor-council form of government, the mayor may appoint himself as a reserve municipal police officer of that municipality provided: (1) he is not compensated for his service as a reserve municipal police officer; and (2) the appointment is in compliance with the council's regulations. In such situation, that person would be designated a "reserve" officer for purposes of certified law enforcement training. Pursuant to 70 O.S. Supp. 1997, § 3311(D), a reserve municipal police officer must meet certain requirements within one (1) year from the date of appointment. In the event the requirements, including the training requirements, are not met within one (1) year, the officer must forfeit his position or an action shall be brought by the district attorney to cause a forfeiture of the position.
 W.A. DREW EDMONDSON ATTORNEY GENERAL OF OKLAHOMA
 GRETCHEN ZUMWALT ASSISTANT ATTORNEY GENERAL