Henry C. SOWDERS, III, Appellant,

v.

**OKLAHOMA TAX COMMISSION,**
Appellee.

No. 46211.

Supreme Court of Oklahoma.

Oct. 22, 1974.

Henry C. Sowders, III, Tulsa, for appellant.

Albert D. Lynn, E. J. Armstrong, Lester D. Hoyt, Oklahoma City, for appellee.

BERRY, Justice.

Appellant filed Oklahoma income tax returns for the years 1969, 1970 and 1971, as a single person and computed his tax using rates applicable to single persons.

In 1972 he filed amended returns for these years requesting a refund of the amount by which taxes previously paid exceed taxes payable under rates applicable to married persons. In an attached schedule he alleged the statute allowing income splitting benefits to married persons filing joint returns, and denying such benefits to single persons, is discriminatory and unconstitutional under the 14th Amendment, U.S.Const., and Article X § 5, Okla.Const.

An auditor from the Tax Commission denied the claim on the ground the Income Tax Law makes no provision for computation of tax as set forth in the amended returns.

Appellant then gave notice to Commission of his intent to appeal directly to this Court pursuant to 68 O.S.1971 § 225. In this notice he reiterated the basis of his claim and requested the Commission to advise him if an administrative hearing was a necessary prerequisite for such an appeal.

The record indicates the Commission did not respond to this letter.

Appellant then filed his petition in error in this Court.

The Commission first contends appellant did not file a verified claim for refund or request a hearing as required by 68 O.S. 1971 §§ 227, 228, [which are a part of the Uniform Tax Procedure Code, 68 O.S.1971 §§ 201–246] and due to this the matter was not presented to the Commission, no hearing was held, and no formal order or ruling was issued.

It contends the appeal should be dismissed because it entered no order or ruling from which appeal is authorized by § 225, supra.

Section 225, supra, authorizes any taxpayer aggrieved by any order, ruling or finding of the Commission directly affecting such taxpayer to appeal directly to this Court.

We agree with the Commission's contention it has issued no order or ruling from which appeal is authorized by § 225, supra.

However, we do not agree with the Commission's contention appellant was not entitled to a ruling by the Commission because he failed to follow procedures required by §§ 227, 228, supra.

Section 228, supra, applies only to refunds authorized under § 227, supra. Section 227, supra, provides in part:

"* * * Provided, the provisions of this Section shall not apply: (1) to refunds of income tax erroneously paid, *refunds of which tax shall be payable out of the income tax adjustment fund as provided by law * * *.*" [emphasis added]

■ We conclude §§ 227, 228 are not applicable to claims for refunds of income taxes erroneously paid.

The only statutes we find specifying procedures to be followed by taxpayers seeking refunds of income taxes erroneously paid are 68 O.S.1971 §§ 2352, 2373 & 206.

68 O.S.1971 § 2373, provides in part:

"If, upon any revision or adjustment, * * * any refund is found to be due any taxpayer, it shall be paid upon verified and approved claim filed therefor * * *.

"* * * the amount of the refund shall not exceed the portion of the tax paid during the three (3) years immediately preceding the filing of the claim, or, if no claim was filed, then during the three (3) years immediately preceding the allowance of the refund * * *"

A similar provision was contained in the prior law. 68 O.S.Supp.1970 § 2322.

68 O.S.1971 § 2352, which establishes the income tax adjustment fund, refers to refunds due under present and prior income tax laws and states:

"2. * * * the final order of the Tax Commission allowing or disallowing a refund shall set forth the reasons therefor, and same shall be entered in a permanent journal to be kept by the Tax Commission * * *

"3. All claims for tax refunds under the provisions of this article shall be made in writing and filed with the Tax Commission."

We conclude these sections authorize taxpayers to seek refunds of income taxes erroneously paid subject to the three year statute of limitation set out in § 2373, supra, and only require a written, verified claim to be filed with the Commission [§§ 2352, 2373, supra], and that the Commission's final order allowing or disallowing the refund set forth the reasons therefore and be entered in a permanent journal to be kept by the Commission [§ 2352, supra].

Appellant's claim was in writing.

■ The amended returns were signed under penalty of perjury which constitutes verification for purposes of the Uniform Tax Procedures Code, 68 O.S.1971 § 245.

If we refer to § 227, supra, for purpose of analogy, it only imposes the additional requirements that a claim must [1] state the name of the taxpayer [2] the time when and period for which taxes were paid [3] the nature and kind of tax [4] the amount of tax allegedly erroneously paid [5] the ground upon which the refund is sought, and [6] other information or data relative to the payments as may be necessary to an adjustment thereof by the Commission.

The amended returns filed by appellant indicate his name, the time when and periods for which the taxes were paid, that they were income taxes, the amount of taxes allegedly erroneously paid, and the gist of his claim.

■ Although we are of the opinion 68 O.S.1971 § 203, authorizes the Commission to promulgate regulations specifying forms for claims for refunds of income tax erroneously paid, and administrative procedures to be followed in seeking such refunds, the record does not indicate the Commission has promulgated any such rules or regulations.

■ We conclude under these circumstances the amended returns and supporting schedules filed by appellant were pro-cedurally sufficient as claims for refunds under §§ 2352 and 2373, supra.

■ Furthermore, we find no statute or regulation imposing a duty upon appellant to request a hearing before the Commission in order to obtain a ruling from the Commission upon his claim.

68 O.S.1971 §§ 207(c) and (d) does permit taxpayers to request a hearing before the Commission.

However, § 207(c) provides the application for hearing shall set out:

"(1) * * * the action of the Tax Commission complained of:

"(2) A clear and concise assignment of each error alleged to have been committed by the Tax Commission;"

Section 207(d) provides that after the hearing the Commission "shall * * * make an order confirming, modifying or vacating *its prior determination* * * *" [emphasis added]

■ The quoted language indicates this section is applicable only after the Commission has taken some action. Here the Commission has not acted to deny or grant appellant's claim.

We conclude appellant complied with all procedural requirements necessary to entitle him to an order from the Commission denying or approving his claim.

■ Once the Commission has entered such an order, appellant, in order to exhaust his administrative remedies, must seek a hearing before the Commission pursuant to § 207(c), supra.

■ Since no final appealable order has been entered by the Tax Commission, this Court has no jurisdiction.

Appeal dismissed and cause remanded to the Commission to proceed in accordance with applicable statutory provisions.

DAVISON, C. J., WILLIAMS, V. C. J., and HODGES, LAVENDER, BARNES, SIMMS and DOOLIN, JJ., concur.

IRWIN, J., concurs in result.